The appellant, Willie C. Knight, was convicted of assault in the second degree, a violation of § 13A-6-21, Code of Alabama 1975. He was sentenced to 15 years' imprisonment. The sentence was split — with the appellant to serve three years in prison followed by five years on formal probation.
 I
The appellant argues that the state violated the principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), when it struck the one black member of the jury venire. Batson held that black jury veniremembers could not be struck from a black defendant's jury because of their race. InPowers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411
(1991), the Court extended Batson to apply to white defendants.Batson was further extended to apply to civil cases inEdmondson v. Leesville Concrete Co., Inc., ___ U.S. ___,111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).The United States Supreme Court in Georgia v. McCollum, ___ U.S. ___, 112 S.Ct. 2348,120 L.Ed.2d 33 (1992), held that Batson was also applicable to defense counsel in criminal trials.
The appellant contends that the circuit court erred in denying his Batson motion. The court required the state to give its reason for striking the one black veniremember. The state responded that the veniremember's cousin had been prosecuted in Mobile County for assault seven *Page 395 
years earlier and found not guilty. The court found this to be a sufficiently race-neutral reason for striking the prospective juror.
The fact that a prospective juror's relative had been a criminal defendant can be a sufficiently race-neutral reason for striking that member from the venire. See Powell v. State,548 So.2d 590 (Ala.Cr.App. 1988), aff'd, 548 So.2d 605 (Ala. 1989). The information upon which the state relies, however, must appear in the record. Williams v. State, 620 So.2d 82
(Ala.Cr.App. 1992). Here, the appellant did not provide a transcript of the voir dire of the jury venire. From the transcript provided by the appellant, we can not determine whether the state's strike was based on information elicited on voir dire or whether it was based on an unsupported allegation. It is the appellant's duty to provide this court with a complete record on appeal. Holder v. State, 584 So.2d 872
(Ala.Cr.App. 1991). Where the record is silent, we will not hold that the trial court erred.
 II
The appellant also argues that the circuit court erred in denying his motion for a judgment of acquittal, which he made after the presentation of the state's case. The appellant contends that the state failed to prove a prima facie case of assault in the second degree because, he says, there was no medical testimony that the victim suffered a bullet wound.
Section 13A-6-21, Code of Alabama 1975, provides, in pertinent part:
 "(a) A person commits the crime of assault in the second degree if:
". . . .
 "(2) With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument; or
 "(3) He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument. . . ."
The evidence tended to show that the victim was running away from the appellant when he heard two gun shots. He reached down and felt his ankle, and discovered that he was bleeding. The victim's girlfriend saw the appellant load his gun and fire at the victim. She also saw the victim's foot bleeding. The victim also showed the jury the healed bullet entry wound on his foot. The victim testified that the bullet was still in his foot and that he had been told that it could not be removed. When questioned at the scene about the incident, the appellant turned over his .22 caliber rifle to the police. This was sufficient evidence from which the jury could determine that the appellant shot the victim and that the victim suffered a bullet wound. § 13A-6-21.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.