ON RETURN TO REMAND

TAYLOR, Judge.
The appellant, Marquette Hall, was convicted of burglary in the second degree, a violation of § 13A-7-6, Code of Alabama *1166 1975. From the record on appeal, this court could not determine whether the fingerprint evidence that the state failed to disclose was exculpatory because the fingerprints had not been analyzed. 625 So.2d 1162. We therefore remanded this cause so that the fingerprints found at the scene of the burglary could be analyzed.
The fingerprints found at the scene of the burglary have now been analyzed. The department of forensic sciences, which evaluated the prints, stated: “Examination of these fragmentary latent fingerprints revealed they are all smudges and do not contain sufficient details to compare with any known fingerprints.” Thus, the failure of the state to disclose this evidence does not violate Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), because the evidence was not exculpatory. The judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.