The appellant, Harvey Jordan, was convicted of driving under the influence of alcohol, a violation of § 32-5A-191, Code of Alabama 1975. He was sentenced to 90 days in jail. That sentence was suspended and he was ordered to serve 2 weeks on a work release program.
The city's evidence tended to show that on October 25, 1992, at about 1:00 a.m., the appellant approached a traffic checkpoint in Huntsville. Deputy Billy Wells of the Madison County Sheriffs Department testified that the appellant stopped at the checkpoint and that he asked the appellant for his driver's license. Wells testified that the appellant then "took off." The appellant was forced to stop several blocks from the checkpoint by patrol cars from the Madison County Sheriffs Department, the Huntsville Police Department, and the Alabama State Trooper's office. Wells testified that when the officers stopped him, the appellant was belligerent and appeared to be intoxicated. He refused to undergo any field sobriety tests. The appellant was arrested by Huntsville Police Officer Tim Evans, but he refused to undergo any chemical tests to measure his blood alcohol content. The appellant raises four issues on appeal.
 I
The appellant first contends that the trial court erred in not allowing the appellant to cross-examine Officer Evans concerning acts or events leading to Evans's suspension from the police department.
 "It is not permissible in Alabama to prove the good or bad character of either a defendant or a witness to fortify or impeach his testimony by proving particular acts. Lowery v. State, 98 Ala. 45, 13 So. 498 (1893); Carroll v. State, 555 So.2d 805 (Ala.Cr.App. 1989).
"The rule in Alabama is stated as follows:
 " 'A witness may not be cross-examined for impeachment as to specific acts of misconduct by him which have no relevancy except as tending to show that he is a person of bad character as a whole or with respect to truth and veracity. . ..
" '. . . .
 " 'This rule of excluding questions on cross about specific bad acts of the witness does not apply to exclude prior criminal acts involving moral turpitude for which the witness has been convicted. . . .'
 "C. Gamble, McElroy's Alabama Evidence, 141.01(10) (3d ed. 1977) (footnotes omitted).
 " 'One of the cardinal principles of the common law is that a person's character, good or bad, offered for the purpose of showing his conduct on a specified occasion, is not provable by evidence of his specific acts or course of conduct. The policy behind the rule is that the reception of such evidence would result in an intolerable confusion of the issues. *Page 155 
 " 'The most commonly applied form of the above principle is found in the rule that the criminally accused may not prove his good character, as tending to show that he did not commit the crime in question, by showing prior specific good acts. It is, of course, the right of the accused to introduce his good character but only by means of general reputation. Once the accused introduces evidence of his good character, the door is opened for the prosecution to rebut with proof of his bad character. However, the prosecution may not prove the accused's bad character by showing prior specific acts. The prosecution, like the accused, is relegated to proving character via general reputation.'
"Id. at 26.01(1) (footnotes omitted)."
Snyder v. State, 644 So.2d 1289, 1293 (Ala.Cr.App. 1994);Carroll v. State, 555 So.2d 805, 806-07 (Ala.Cr.App. 1989).
The reasons for Evans's suspension were not relevant to his testimony at trial and no allegation was made that his suspension was for acts involving moral turpitude. The trial court did not err in excluding this evidence.
 II
The appellant next contends that the trial court erred in refusing to give some of his requested jury instructions.
 "The refusal of a requested written jury instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charges or in other charges given at the request of the parties."
Rule 21.1, Ala.R.Crim.P.
The appellant's refused instructions concerned the burden of proof, the evidence the jury could consider, and the application of the law to the facts. These areas were substantially and fairly covered by the trial court's other instructions to the jury. Therefore, we hold that the trial court did not err in refusing to give the appellant's requested instructions. Blackmon v. State, 574 So.2d 1037, 1041
(Ala.Cr.App. 1990).
 III
The appellant next contends that the trial court erred in overruling his objection to and denying his motion for a mistrial, based on, questions by the prosecutor during cross-examination of the appellant. More specifically, the appellant contends that questions regarding his refusal to submit to a chemical test for blood alcohol content suggested to the jury that some of the burden of proof in the case fell to him.
Section 32-5A-194(c), Code of Alabama 1975, specifically states the law regarding refusal of chemical tests:
 "If a person under arrest refuses to submit to a chemical test under the provisions of section 32-5-192, evidence of refusal shall be admissible in any civil, criminal or quasi-criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while under the influence of alcohol or controlled substance."
The trial court did not err in allowing evidence of the appellant's refusal to submit to a blood alcohol test to be received into evidence.
 IV
The appellant last contends that the trial court erred in denying his motion for a mistrial made in response to remarks by the prosecutor during closing arguments that suggested the appellant had some burden of proof.
However, the record does not contain the specific statements by the prosecutor that the appellant objects to. The record contains only the appellant's objection. Therefore, this issue has not been adequately preserved for our review. "It is the appellant's duty to provide this court with a complete record on appeal." McCray v. State, 629 So.2d 729, 733 (Ala.Cr.App. 1993); Knight v. State, 621 So.2d 394 (Ala.Cr.App. 1993). "This court cannot predicate error on matters not shown by the record, nor can we presume error from a silent record." Stegallv. State, 628 So.2d 1006, 1009 (Ala.Cr.App. *Page 156 
1993); Smelcher v. State, 520 So.2d 229 (Ala.Cr.App. 1987);Abbott v. State, 494 So.2d 789 (Ala.Cr.App. 1986). "Where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly done."Stegall, 628 So.2d at 1009; Jolly v. State, 405 So.2d 76
(Ala.Cr.App. 1981).
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.