[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1368 
The appellants, Larry Wayne Jones and Lewis Corneilus Powe, were each convicted of first degree burglary, a violation of § 13A-7-5, Code of Alabama 1975, and first degree robbery, a violation of § 13A-8-41. Jones was sentenced as an habitual offender to life imprisonment without parole on each conviction. Powe received a sentence of 35 years in the state penitentiary for each violation, the two sentences to run concurrently.
The evidence tended to show that on the morning of April 17, 1993, the victim, 60-year-old retiree Ellis Faine, was robbed at his residence in Coden, Alabama. Shortly after 3:00 a.m., Mr. Faine awoke to the sounds of his dog barking. Mr. Faine testified that one person was holding a knife to his neck, and that another person was taking money from his wallet. They also took his rifle, car keys, and other items. The robbers cut Faine's telephone cord, told him not to move for 30 minutes, and then fled. Faine ran to his neighbor's house, and the police were called. The appellants were discovered nearby in a white automobile and were taken into custody. At the sheriff's office, and later in court, Faine identified the appellants as the individuals who had robbed him. A knife, a rifle, and cash in the denominations of four $20 bills and one $10 bill were recovered from the car in which the appellants were riding. Faine identified the rifle as his and the knife as the weapon held to his throat. He also testified that the robbers had taken four $20 bills, one $10 bill, and thirteen $1 bills from his wallet. The State presented the testimony of eight other witnesses (neighbors, relatives, and police officers) that tended to corroborate portions of Faine's testimony.
Five issues are raised on appeal.
 I
The appellants contend that a conviction for both first degree burglary and first degree robbery is prohibited by §13A-1-8(b)(1), Code of Alabama 1975, which bars simultaneous convictions for a crime and for any lesser crime included in the greater offense. Specifically, the appellants argue that §13A-1-8(b)(1), as it should be applied in their case, makes robbery a lesser included offense of burglary because both offenses arose from the same conduct.
The pertinent statutes are set out here. Section 13A-1-8(b) states:
 "When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
 "(1) One offense is included in the other, as defined in Section 13A-1-9."
Section 13A-1-9 states:
"An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged."
The appellants argue that the burglary charge was proved by two facts: 1) that the appellants robbed Faine, and 2) that the appellants unlawfully entered or remained in Faine's home. They cite Coral v. State, 628 So.2d 954 (Ala.Cr.App. 1992), affirmed,628 So.2d 1004 (Ala. 1993), cert. denied, ___ U.S. ___,114 S.Ct. 1387, 128 L.Ed.2d 61 (1994), in which this court vacated a murder conviction *Page 1369 
where the defendant was simultaneously convicted of capital murder, murder during a robbery, and murder of the same victim.
The appellants' argument is based upon a misreading or misperception of the statutes. Section § 13A-7-5 defines first degree burglary as follows:
 "(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in [the] dwelling or in immediate flight therefrom, he or another participant in the crime:
 "(1) Is armed with explosives or a deadly weapon; or
 "(3) Uses or threatens the immediate use of a dangerous instrument."
First degree robbery is defined in § 13A-8-41:
 "(a) A person commits the crime of robbery in the first degree if [in the course of a theft he threatens or uses force] and he:
 "(1) Is armed with a deadly weapon or dangerous instrument."
The appellants' argument falls short for several reasons. First, burglary requires not proof of the actual commission of the subsequent crime, but merely proof of the intent to commit a crime. Second, robbery is not proved by "the same or fewer than" all the facts required to establish a burglary conviction. Robbery requires two additional elements not required to prove the offense of burglary: 1) a theft, and 2) the actual or threatened use of force.
In the appellants' case, first degree robbery occurred when the appellants held a knife to Faine's throat and took his money. The burglary offense was completed when the appellants, armed with a knife, entered Faine's home with the intent to rob him. The two crimes were separate and distinct. The facts inCoral are not analogous to the appellants' situation because that case addressed murder as a lesser included offense of capital murder, which is clearly defined in § 13A-5-40. If the appellants' argument were adopted, a defendant could never be convicted of both a burglary and the subsequent felony because, under their theory of the law, proof of the felony would be a required element of the burglary conviction.
The question of whether separate sentences may be imposed for these convictions is addressed in Part V of this opinion.
 II
Both appellants next assert that the testimony concerning Faine's extrajudicial identification of them was erroneously received into evidence because, they say, it bolstered Faine's identification before it was challenged. The record reflects that Faine testified that he identified the appellants at the sheriffs office before he actually identified the appellants in the courtroom during the trial. The appellants further contend that the pretrial identification was unduly suggestive because there was only one other person in the jail cell when Faine identified the appellants.
 " 'It is a settled principle of evidence that on direct examination a witness should not be permitted to corroborate his in-court identification by evidence of an earlier extrajudicial identification. Carlisle v. State, 371 So.2d 975, 977-78 (Ala.Cr.App. 1979) . . . This is merely an application of the general rule that evidence is not admissible to sustain the credibility of a witness whose testimony has not been sought to be impeached. Funderberg v. State, 100 Ala. 36, 14 So. 877 (1893).' "
Smith v. State, 581 So.2d 497, 524-525 (Ala.Cr.App. 1990), rev'd on other grounds, 581 So.2d 531 (Ala.), on remand,581 So.2d 536 (Ala.Cr.App. 1991), quoting Fisher v. State, 439 So.2d 176,177 (Ala.Cr.App. 1983). If the defense does subsequently challenge the credibility of the witness, the testimony would correctly be received into evidence. As long as the in-court testimony is supported by observations independent of any pretrial identification, no reversible error occurs where a witness first testifies "I told the sheriff that is the man who did it" in place of "That is the man who did it."
As to the "unduly suggestive" argument, the central question is whether the pretrial identification was reliable under the *Page 1370 
totality of the circumstances. In order to suppress testimony relating to one man show-ups, the appellant must demonstrate a "substantial likelihood of irreparable misidentification."Hall v. State, 625 So.2d 1165 (Ala.Cr.App. 1993).
 "In evaluating the possibility of misidentification, the United States Supreme Court, in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), set forth the following five factors to be considered:
 " '[1] the opportunity of the witness to view the crime, [2] the witness's degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation.'
 "Neil, 409 U.S. at 199, 93 S.Ct. at 382, 34 L.Ed.2d at 411."
Hall, 625 So.2d at 1164.
Here, the victim awoke in his bed between 3:00 and 3:30 a.m. to find the appellants in his room. There was a light on in the hall. One of the appellants held a knife to the victim's throat. The victim testified that he could see the appellants' faces, and he observed them for at least 10 minutes while they pilfered through his wallet and belongings. Further, the victim provided a reasonably accurate description of the robbers to the investigating officers. Mr. Faine identified the appellants at the jail approximately an hour after he had been robbed. Considering the totality of the circumstances, the victim's pretrial identification of the appellants was reliable. It was not impermissibly suggestive.
 III
Appellant Jones contends that the trial court committed error when it consolidated his case with that of appellant Powe and defendant Daniel Gulley[1] because the defenses were incompatible.
The trial court has broad discretion in determining whether to order a joinder of defendants, and its decision will not be overturned absent an abuse of discretion. Greathouse v. State,624 So.2d 202 (Ala.Cr.App. 1992), aff'd, 624 So.2d 208
(Ala. 1993). Where it is alleged that the codefendants' individual defenses are antagonistic, an abuse of discretion is shown only if the defenses were "irreconcilable and mutually exclusive." " 'The defenses must be so antagonistic that the jury, in order to believe the defense of one defendant, must necessarily disbelieve the other defendant's defenses. . . .' "Greathouse, 624 So.2d at 204, quoting Hill v. State,481 So.2d 419 (Ala.Cr.App. 1985).
The record does not indicate that the appellants' defenses were irreconcilable to those of defendant Gulley. The appellants denied committing the burglary and robbery. Gulley also denied involvement with the crimes. During closing arguments, Gulley's counsel admonished the jury not to convict his client on the basis of the evidence presented against the appellants.
 " 'Even if defendants attempt to cast blame on each other, severance is not necessarily required.' United States v. Arthur, 949 F.2d 211, 217-18 (6th Cir. 1991). 'The burden is on defendants to show that an antagonistic defense would present a conflict "so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." ' "
Greathouse, 624 So.2d at 205. Appellant Jones has not made any showing that he was prejudiced. The court did not err in joining the appellants and Gulley for trial.
 IV
Appellant Jones also argues that the court erred when it denied his motion for a new trial based on the ineffective performance of his trial counsel. The appellant asserts that his trial counsel should have requested a mistrial during Gulley's closing argument because it became obvious that Gulley's defense was antagonistic to that of the appellants. Because we have held that the individual *Page 1371 
defenses were not mutually exclusive, there was no error in denying the appellant's motion for a new trial.
 V
Appellant Jones last asserts that he was wrongfully sentenced to two consecutive terms of life imprisonment without parole. The appellant argues that he was sentenced in violation ofEx parte McKelvey, 630 So.2d 56 (Ala. 1992), which prohibits a court from imposing multiple punishments for convictions of burglary and theft arising out the same transaction. The trial court did not state whether the appellant's sentences were to be consecutive or concurrent. Therefore, they are deemed to run consecutively pursuant to Rule 26.12, Ala.R.Crim.P.
In McKelvey, the Alabama Supreme Court held that double jeopardy bars a defendant who is convicted of burglary and theft from receiving separate, consecutive sentences for each conviction when the offenses arose from the same transaction. The Supreme Court required that only one sentence be given or that the sentences run concurrently. In Robertson v. State, [Ms-CR-93-735, October 21, 1994] ___ So.2d ___ (Ala.Cr.App. 1994), this court followed the rule in McKelvey, applying it to extend to offenses that involved burglary and robbery, and arguably to all cases involving a burglary and a subsequent felony. Finally, in Dawson v. State, [Ms-CR-93-1619, April 14, 1995] ___ So.2d ___ (Ala.Cr.App. 1995), a majority of this court reconsidered its opinion in Robertson, and construed the McKelvey holding to apply only to the crimes of burglary and theft when they arise out of the same transaction.
In the present case, the appellant was convicted of burglary and robbery. Therefore, according to our recent decision inDawson, double jeopardy does not bar imposition of consecutive sentences, although his convictions were based on the same course of conduct.
However, even if multiple sentences were barred, the error in the appellant's case would be harmless. The appellant received two separate sentences of life imprisonment without the possibility of parole. The State correctly points out that there is no other way to serve these sentences but concurrently. The appellant is not prejudiced in any way. He is not eligible for incentive good time, probation, or parole. The entire issue is moot.
For the foregoing reasons, the convictions and sentences of the appellants are due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Three defendants were tried together. The appellants, Larry Jones and Lewis Powe, were charged with first degree burglary and robbery. Daniel Gulley was charged with conspiracy to commit burglary. Gulley was acquitted.