LONG, Presiding Judge.
The appellant, Corey Lamar Smith, was convicted of burglary in the first degree, § 13A-7-5(a)(l), Ala.Code 1975, and theft of property in the second degree, § 13A-8-4(a), Ala.Code 1975. The trial court sentenced him to 12 years’ imprisonment for the burglary conviction and to 5 years’ imprisonment for the theft conviction. The sentences were to run concurrently.
I.
Smith contends that he was improperly convicted of both burglary and theft because, he says, the same criminal transaction was the foundation for both charges. However, because Smith’s sentences were to run concurrently, there was no prohibition against his convictions for both burglary and theft arising from the same transaction. Ex parte McKelvey, 630 So.2d 56, 57-58 (Ala.1992); see Jones v. State, 672 So.2d 1366, 1371 (Ala.Cr.App.1995).
II.
Smith contends that he was denied effective assistance of counsel because, he says, his trial counsel maintained such a heavy caseload when he was representing Smith that it prevented counsel from vigorously representing him. Although Smith, acting pro se, filed a motion for a new trial, in which he raised an allegation of ineffective assistance of counsel, this specific claim was not presented in Smith’s new-trial motion. Therefore, it is not properly before us for review.
On appeal, Smith also contends that his trial counsel was ineffective for failing to file a motion to suppress Smith’s out-of-court statement to police, which, according to Smith, was obtained in violation of his Fifth Amendment and Fourteenth Amendment rights. Although Smith presented a claim to this effect in his pro se motion for a new trial, he failed to allege any specific facts to support this claim; he did not even suggest how his statement was obtained in violation of the Fifth Amendment and Fourteenth Amendment rights. Although it appears that the trial court may have held a hearing on Smith’s motion for a new trial, the record on appeal contains no transcript of any such hearing.
‘““It is the appellant’s duty to provide this court with a complete record on appeal.” McCray v. State, 629 So.2d 729, 733 (Ala.Cr.App.1993); Knight v. State, 621 So.2d 394 (Ala.Cr.App.1993). “This court cannot predicate error on matters not shown by the record, nor can we presume error from a silent record.” Stegall v. State, 628 So.2d 1006, 1009 (Ala.Cr.App.1993); Smelcher v. State, 520 So.2d 229 (Ala.Cr.App.1987); Abbott v. State, 494 So.2d 789 (Ala.Cr.App.1986). “Where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly done.” Stegall, 628 So.2d at 1009; Jolly v. State, 405 So.2d 76 (Ala.Cr.App.1981).’ ”
Rutledge v. State, 745 So.2d 912, 919 (Ala.Cr.App.1999), quoting Jordan v. City of Huntsville, 667 So.2d 153, 155-56 (Ala.Cr.App.1995).
The trial court denied Smith’s motion for a new trial. Given both the cursory nature of the allegation of ineffective assistance in Smith’s new-trial motion and the lack of a transcript of any hearing on that motion, we cannot say that the trial court erred in denying Smith any relief on his ineffective-assistance claim.
III.
For the foregoing reasons, we affirm Smith’s convictions. However, a review of the record reveals that Smith’s sentence of 12 years’ imprisonment for *654 burglary in the first degree is not in compliance with the law.
The State’s evidence established that, in committing the burglary, Smith used a firearm to effect his immediate flight. The victim, who returned home unexpectedly during the burglary, followed Smith and his accomplice in her car for a short distance as they sped away from the scene in their automobile. The victim stopped her pursuit when Smith pointed a handgun out the passenger-side window of the getaway vehicle and fired a shot that, according to Smith’s own statement to police, was intended to scare the victim away. Section 13A-7-5, Ala.Code 1975, provides, in pertinent part:
“(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he or another participant in the crime:
“(1) Is armed with explosives or a deadly weapon.”
(Emphasis added.) Burglary in the first degree is a Class A felony. § 13A-7-5(b), Ala.Code 1975. Pursuant to § 13A-5-6(a)(4), Ala.Code 1975, the minimum sentence for a Class A felony in which the defendant used or attempted to use a firearm or deadly weapon in commission of the crime is not less than 20 years’ imprisonment. Smith’s sentence of 12 years’ imprisonment for burglary in the first degree fell below the minimum sentence required by § 13A-5-6(a)(4). When a firearm is used to commit a felony, the trial court has no choice but to apply § 13A-5-6. See Simmons v. State, 675 So.2d 79, 81 (Ala.Cr.App.1995).
Therefore, we remand this cause for the trial court to sentence Smith in accordance with § 13A-5-6(a)(4), Ala.Code 1975. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time, and within 49 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
AFFIRMED AS TO CONVICTIONS; REMANDED WITH DIRECTIONS AS TO SENTENCING FOR THE BURGLARY CONVICTION. 
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.