The defendant was indicted and convicted for robbery in the first degree. Sentence was ten years' imprisonment. Two issues are presented on appeal.
 I
The defendant contends that the trial judge violated Section12-16-9 (b), Alabama Code 1975, by asking the defendant in the hearing of the jury whether he would consent to a separation of the jury pending the trial. No objection was made at trial and this issue is raised for the first time on appeal. Consequently, nothing has been preserved for review. Fuller v.State, 365 So.2d 1010 (Ala.Cr.App. 1978), cert. denied,365 So.2d 1013 (Ala. 1979).
Additionally, the record does not affirmatively show that the matter of the separation was in fact mentioned before the jury. Where the record on appeal is silent, it will be presumed that what ought to have been done was not only done, but was rightly done. Robertson v. State, 29 Ala. App. 399, 197 So. 73, cert. denied, 240 Ala. 51, 197 So. 75 (1940).
Moreover, a supplemental record filed pursuant to Rule 10 (f) A.R.A.P. reveals that the jury venire was not present when the trial judge obtained the defendant's consent to the separation.
 II
After the jury had begun its deliberation, it requested to see a photographic negative. The negative revealed that the automobile used by the robbers had a tag on the front bearing the name "ANDRE". During the trial, the actual negative was not admitted into evidence. The trial judge sustained defense counsel's objection that the negative was "illegible" without examining the negative. Later, after the jury requested the negative, the trial judge examined the negative and
 "determined there was no sound reason for that negative never to be admitted into evidence when there was oral testimony about everything about the negative. The police officer's testimony as to what the tag said, he testified in the record extensively about that tag which the record will indicate."
The rule is that it is error to reopen the case to allow either party to supply additional evidence after the case has been submitted to the jury. Harris v. State, 371 So.2d 979
(Ala.Cr.App.), cert. denied, 371 So.2d 984 (Ala. 1979). Section15-14-4, Code of Alabama 1975.
Technically, the trial judge should not have allowed the photographic negative to be inspected by the jury because during the trial of the cause he had sustained defense counsel's objection to its admission. However, technical errors, not affecting the substantial rights of the defendant, must be disregarded and cannot form the basis on which to reverse a conviction. Bryson v. State, 264 Ala. 111,84 So.2d 785 (1956); Carlisle v. State, 371 So.2d 975 (Ala.Cr.App. 1979).
Where real or demonstrative evidence has not been formally introduced in evidence, the fact that it has been used in connection with the giving of testimony makes it evidence in the case and proper to go before the jury in its deliberations.Smith v. State, 344 So.2d 1239, 1241 (Ala.Cr.App.), cert. denied, Ex parte Smith, 344 So.2d 1243 (Ala. 1977); C. Gamble,McElroy's Alabama Evidence, Section 123.01 (6) (3rd ed. 1977). *Page 78 
The negative conveyed no information that had not been emphatically conveyed to the jury during the trial. The officer's testimony on what the negative depicted was clear and unequivocal. Under these circumstances, we fail to see how the admission and viewing of the negative prejudiced the defendant.Merriweather v. State, 364 So.2d 374 (Ala.Cr.App.), cert. denied, Ex parte Merriweather, 364 So.2d 377 (Ala. 1978).
We have searched the record and found no error which is prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.