The appellant, Richard Owens, was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975, on November 27, 1984. He was sentenced to 99 years' imprisonment pursuant to the Habitual Felony Offender Act. The appellant's first appeal was dismissed for failure to prosecute; however, on August 13, 1991, he was granted this out-of-time appeal pursuant to an order by the Eleventh Circuit Court of Appeals affirming the recommendation of the United States Magistrate to grant the appellant habeas relief.
The state's evidence tended to show that on the afternoon of May 31, 1982, the victim attended a party at an apartment on University Avenue in Troy. The appellant, who had come to the party without knowing anyone in attendance, asked the victim if she would give him a ride to the Filling Station, a convenience store that was a block away. At first she refused, but she later agreed to give him a ride. Upon stopping the car in front of the Filling Station, the victim asked the appellant to get out of her car. Instead, the appellant grabbed the steering wheel, put his foot on the gas pedal, and took control of the car. The victim testified that she was afraid, but that she did not try to jump out of the car because it was moving.
After he stopped the car at a secluded cul-de-sac, the appellant began rubbing the victim's thigh, continuously telling her how he wanted "to be with her." At that point, the victim started to cry and told him to leave her alone and that she would not tell anyone. The appellant told her several times that if she "messed up," he would kill her. When the appellant got out and started to walk around to the driver's side, the victim tried to start the car, but the appellant managed to open the door before she could flee.
Once back inside the car, the appellant, still threatening to kill the victim, pulled her clothing aside and penetrated her for the first time. Later, he performed oral sex on her, and, when she refused to do the same for him, he got angry and penetrated her again. Afterwards, he turned the victim over and tried to sodomize her, but she resisted. He then turned her back over and penetrated her for the third time. *Page 736 
Hoping to find some way to escape, the victim told the appellant that they should go to her apartment where she could "be with him again," but that they should buy some beer first. The appellant agreed and let her drive to a convenience store where she went in, fell to her knees, and told the cashier that she had just been raped. The cashier then called the police.
The appellant presents two issues on appeal.
 I
The appellant contends that the trial court erred in failing to properly determine his competency to stand trial.
On October 25, 1983, the court ordered that East Central Mental Health-Mental Retardation, Inc., perform a psychological evaluation of the appellant to determine whether he should be committed for further evaluation. On October 31, 1983, the appellant moved for the court to conduct a competency investigation. On that same day, the court granted the motion and ordered that the appellant be transferred to the Alabama State Mental Hospital, Forensic Unit, for evaluation and treatment. Psychiatric evaluation of the appellant was conducted at Taylor Hardin Secure Medical Facility from November 2, 1983, until March 12, 1984.
The appellant's trial on the rape charge began on November 26, 1984. The appellant now contends that the trial court never made a determination on the record of his competency before the trial commenced and that this failure to do so was reversible error.
The appellant's contention has not been properly preserved for appeal because the record reflects no adverse ruling in regard to his motion for a competency investigation. An adverse ruling is a preliminary requirement to preservation of error for appellate review. Gibson v. State, 555 So.2d 784
(Ala.Cr.App. 1989); Trawick v. State, 431 So.2d 574
(Ala.Cr.App. 1983).
Further, we note that one of the problems in dealing with out-of-time appeals, such as in the present case, is that deficiencies in the record are not unusual. For instance, almost eight and one-half years have elapsed since the appellant made the motion under scrutiny. During that time, the record has been moved through several courts and the counsel for the appellant has been changed. It is not hard to see how the results of the psychiatric evaluation of the appellant could have been part of the original record, but could have since been misplaced. The usual course of action would be for this court to have the record sent back to the circuit court to be supplemented; however, once again, the passage of time becomes a problem.
It is clear to us that the circuit court did make a determination as to the appellant's competency, even though the record does not reveal any clear statement of that factbefore the trial. For instance, there was testimony from two doctors, one from Taylor Hardin, the other from East Central Mental Health-Mental Retardation, Inc., who each performed different evaluations of the appellant prior to trial. Both of these doctors testified during the trial that the appellant was competent to stand trial. Also, the very fact that the circuit judge commenced the trial after ordering the evaluations to be conducted makes it clear that the appellant had been found competent.
Moreover, this court cannot predicate error on matters not shown by the record, nor can we presume error from a silent record. Smelcher v. State, 520 So.2d 229 (Ala.Cr.App. 1987);Abbott v. State, 494 So.2d 789 (Ala.Cr.App. 1986). "Where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly done." Jollyv. State, 405 So.2d 76 (Ala.Cr.App. 1981); Watson v. State,398 So.2d 320 (Ala.Cr.App. 1980), writ denied, 398 So.2d 332
(Ala.), cert. denied, 452 U.S. 941, 101 S.Ct. 3085,69 L.Ed.2d 955 (1981).
 II
The appellant also contends that the trial court erred in denying his motion for *Page 737 
judgment of acquittal. More specifically, he contends that the state failed to present sufficient evidence of all of the elements of the offense charged. Section 13A-6-61, Code of Alabama 1975, states, in pertinent part, that "[a] male commits the crime of rape in the first degree if . . . [h]e engages in sexual intercourse with a female by forcible compulsion. . . ."
At trial, the state produced evidence that tended to show that the appellant drove the victim to a secluded area, and, against her will, penetrated her three times, threatening to kill her if she did not comply. We must view the evidence in the light most favorable to the prosecution. Carpenter v.State, 581 So.2d 1277 (Ala.Cr.App. 1991); Faircloth v. State,471 So.2d 485, 489 (Ala.Cr.App. 1984), affirmed, 471 So.2d 493
(Ala. 1985). Further, we cannot substitute our judgment for that of the jury. Marks v. State, 581 So.2d 1182 (Ala.Cr.App. 1990); Gossett v. State, 451 So.2d 437 (Ala.Cr.App. 1984). Clearly, there was sufficient evidence to present the case to the jury. Accordingly, we see no reason to disturb the jury verdict.
The judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.