The appellant, David Roberts, was convicted of first degree robbery, in violation of § 13A-8-41, Code of Alabama 1975. Pursuant to the Habitual Felony Offender Act, he was sentenced to life imprisonment. He also was fined $1000, and was ordered to pay $50 to the crime victims' compensation fund.
 I
The appellant initially contends that the trial court erred in denying his Batson[1] motion. He claims that the prosecutor used four of his peremptory strikes to remove black veniremembers from the venire because of their race. The United States Supreme Court in Batson held that the exclusion of blacks from a jury because of their *Page 1115 
race in a case where the defendant is black violates the Equal Protection Clause of the United States Constitution. This principle later was extended to white defendants in Powers v.Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). See also Ex parte Bird, 594 So.2d 676, 688 (Ala. 1991). Batson was extended to civil cases in Edmondson v. Leesville Concrete Co.,500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). InGeorgia v. McCollum, ___ U.S. ___, 112 S.Ct. 2348,120 L.Ed.2d 33 (1992), the United States Supreme Court held thatBatson may be used by the state to question defense counsel's strikes in criminal trials. See also Lemley v. State,599 So.2d 64 (Ala.Cr.App. 1992).
A defendant must make a prima facie showing of racial discrimination before the trial court will review the prosecutor's reasons for its strikes of black veniremembers.Batson, 476 U.S. at 93-94, 106 S.Ct. at 1721. "When explaining the basis for its peremptory strikes of blacks, the prosecution must offer a clear, specific, and legitimately race-neutral reason for each strike." Sims v. State, 587 So.2d 1271, 1276
(Ala.Cr.App. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1179,117 L.Ed.2d 423 (1992). See also Batson, 476 U.S. at 98,106 S.Ct. at 1724 ("the prosecutor must articulate a neutral explanation related to the particular case"). The striking of even one venireperson for a racial reason violates the Equal Protection Clause. Harrell v. State, 555 So.2d 263 (Ala. 1989);Williams v. State, 548 So.2d 501 (Ala.Cr.App. 1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989). "The trial court is in the best position to determine whether the prosecutor's reasons are adequate." Johnson v. State,512 So.2d 819, 821 (Ala.Cr.App. 1987). When a trial court denies a defendant's Batson motion, the court's ruling will be reversed only if it is clearly erroneous. Ex parte Branch,526 So.2d 609 (Ala. 1987); Jackson v. State, 549 So.2d 616
(Ala.Cr.App. 1989).
In this case, the prosecutor used four of his eight peremptory strikes to remove blacks from the venire. Two black jurors served on the jury. The trial court ruled that the appellant had made a prima facie showing of racial discrimination, and asked the prosecutor to give reasons for his four strikes. The prosecutor offered the following reasons:
 Juror 82 was struck because she stated that she knew a defense witness.
 Juror 87 was struck because he stated that he had been to see Mr. Young, the defense attorney, about a legal matter.
 Juror 50 was struck because she was 21 years old, and the prosecutor tried to strike everyone who was younger than 30 years old. Also there was no indication, on the clerk's office list of the juror's occupation or marital status.
 Juror 59 was struck because she was 26 years old and because she was not married.
The prosecutor stated that he had tried to strike everyone who was under 30 years old, regardless of their race or gender, and then noted that he struck had two white venirepersons because they were under 30 years old. He also stated that he had tried to strike veniremembers who were not married. The trial court found that these reasons were race neutral, and it denied the appellant's motion.
A juror's knowing one of the witnesses involved in the case has been held to be a race-neutral reason for a strike of that juror. Williams v. State, 627 So.2d 985 (Ala.Cr.App. 1991), on rehearing, 627 So.2d 994 (Ala.Cr.App. 1992), aff'd,627 So.2d 999 (Ala. 1993). See also Hawkins v. State, 594 So.2d 181
(Ala.Cr.App. 1991). Further, this court has held that where a prospective juror knows defense counsel, a race-neutral reason exists for striking that prospective juror. See Strong v.State, 538 So.2d 815, 817 (Ala.Cr.App. 1988).
While striking a potential juror because of his age is "highly suspect," Ex parte Bird, supra, that reason for a strike is race-neutral as long as there is no disparate treatment between white and black jurors. Christianson v.State, 601 So.2d 512, 515 (Ala.Cr.App. 1992) ("comparable treatment tends to rebut the existence of discriminatory intent"); Wright v. State, 601 So.2d 1095 (Ala.Cr.App. 1991) (prosecution struck all potential *Page 1116 
jurors who were under 40 years of age, without regard to their race).
Also, a potential juror's marital status may be a race-neutral reason for striking that juror, if both black and white veniremembers were similarly struck. Mitchell v. State,579 So.2d 45 (Ala.Cr.App. 1991), cert. denied, 596 So.2d 954
(Ala. 1992); Bedford v. State, 548 So.2d 1097 (Ala.Cr.App. 1989); Harris v. State, 545 So.2d 146 (Ala.Cr.App. 1989).
Our determination of the validity of the strikes based on any information elicited during the prosecution's questioning of the jury venire is hampered because the appellant has failed to provide a transcript of the voir dire. Also, the record does not contain the clerk's office jury list of any relevant information about the jurors. "It is the appellant's duty to provide this court with a complete record on appeal."Knight v. State, 621 So.2d 394 (Ala.Cr.App. 1993). See alsoHolder v. State, 584 So.2d 872 (Ala.Cr.App. 1991). We cannot predicate error on a silent record. Hutchins v. State,568 So.2d 395 (Ala.Cr.App. 1990). We will not find reversible error based on a Batson objection when there is no transcript of the voir dire contained in the record.
 II
The appellant next contends that the trial court erred by failing to quash the jury venire, because blacks were underrepresented on the venire. However, this issue has not been preserved, because it was not first presented to the trial court. "Motions to challenge the venire shall be made before trial and shall be decided prior to voir dire examinations." Rule 18.3, A.R.Crim.P. This court, in Andrews v. State,359 So.2d 1172 (Ala.Cr.App. 1978), stated:
 "If counsel is to question or object to the jury venire, he must do so prior to the impanelling and swearing in of the jury. Failure to make a timely objection waives the right to question the jury's qualifications, and appellant may not complain for the first time on motion for new trial nor on appeal to this court. Douglas v. State, 50 Ala. App. 602, 281 So.2d 652 (1973); Yancey v. State, 56 Ala. App. 577, 324 So.2d 292 (1975); Hurley v. State, Ala.Cr.App., 341 So.2d 494 (1976), cert. denied, Ala., 341 So.2d 497."
359 So.2d at 1175. See also Durden v. State, 394 So.2d 967, 975
(Ala.Cr.App. 1980), writ quashed, 394 So.2d 977 (Ala. 1981);Dennis v. State, 584 So.2d 548 (Ala.Cr.App. 1991) (objection to venire on ground that blacks were underrepresented could not be raised by post-trial motions).
For the reasons stated above, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986).