RICHARD L. HOLMES, Retired Appellate Judge.
June W. Ponder, as administratrix of the estate of Ruth Hawkins, deceased, filed a wrongful death complaint against Beverly Health Care Center West (nursing home).
The complaint alleged the following: Ruth Hawkins, a resident of the nursing home, was left unattended on a day when the nursing home negligently and/or wantonly permitted an exit door to remain unsecured and opened. Hawkins exited the unsecured and open door in her wheelchair, fell down a flight of stairs, and struck her head. As a proximate result of this accident, Hawkins died.
The case proceeded to a jury trial. The jury returned a $35,000 verdict in favor of Ponder.
Ponder filed a motion for a new trial, alleging the following: Extraneous material, which had not been admitted into evidence, was submitted to the jury for consideration during its deliberations and was considered by the jury in arriving at its verdict of $35,-000. Ponder attached a copy of the affidavit of one of the jurors, wherein the juror stated that the extraneous material influenced his decision. The juror’s affidavit stated the following, in pertinent part:
*1135 “Then the jurors in favor of lower amounts expressed their opinion that no laws, and no written rules, had been violated by the nursing home. A yellow book that was sent to the jury room with us was used to emphasize this by some of the jurors. They argued that this book, and one other blue book that was still in the courtroom, showed that no laws or rules had been violated by the nursing home. I remember one or more jurors reading through the book and using it to back up their argument....
[[Image here]]
“The jury continued to discuss the information contained in the yellow book (the book the bailiff took back and said was not supposed to be in the jury room). Some jurors argued that they believed [that] since no laws had been broken, as shown by the information in the yellow book, there should not be a large verdict rendered. This influenced my decision, and I was persuaded by the information in the yellow book to change my vote and vote for reducing the ultimate verdict amount.”
This “yellow book” contained the federal OBRA regulations regarding nursing homes. The “yellow book” had been marked as an exhibit during the course of the trial, but was not introduced or admitted into evidence.
The nursing home filed a response to Ponder’s motion for a new trial, as well as the affidavits of four of the jurors. These affidavits indicated that these jurors were not influenced by, nor did they rely on, the extraneous material.
After a hearing, the trial court denied Ponder’s motion for a new trial. This appeal followed.
The dispositive issue on appeal is whether the trial court committed reversible error when it determined that the extraneous material was harmless error and denied Ponder’s motion for a new trial.
The nursing home argues that the fact that the “yellow book” was mistakenly sent into the jury room when it had not been introduced into evidence was, at most, harmless error. The nursing home maintains that the testimony during the trial concerning the “yellow book” was clear and unequivocal and that the “yellow book” did not convey any information that was not emphatically conveyed to the jury during the trial. The nursing home relies upon Jolly v. State, 405 So.2d 76 (Ala.Crim.App.1981), to support this argument.
We do not find Jolly to be controlling in this case. Initially, we note that Jolly is a criminal case. However, more importantly, there is no indication in Jolly that the decision of any member of the jury was influenced by the extraneous material.
Stated differently, the juror’s affidavit filed in support of Ponder’s motion for a new trial is to the effect that except for the extraneous evidence being in the jury room during the deliberations, the juror would have reached a different conclusion. As indicated above, the juror stated in his affidavit that the “yellow book” was used during deliberations to support other jurors’ arguments that a large verdict was not warranted because no regulations in the “yellow book” had been broken.
We have reviewed prior eases regarding the effect of extraneous material in the jury room during deliberations. In Whitten v. Allstate Insurance Co., 447 So.2d 655, 660 (Ala.1984), our supreme court stated the following:
“In the case before us, Connie Bailey and Patricia Ann Jordan [jurors who participated in the unauthorized view of the scene of the accident during an overnight break in the jury’s deliberations] both testified that the scene of the accident appeared the same as the scene which was admitted into evidence by photographs. However, Connie Bailey, [who testified] at the hearing, and Elizabeth Ann Armstrong [a juror who did not view the scene, but heard the discussions of those jurors who. visited the scene, who testified by] affidavit, each said that she was influenced to change her decision about the case by the extraneous material which was before the jury_ Therefore, the evidence is undisputed that these two jurors were influenced to change their decision about the case by the extraneous material which was before them.
*1136 “On the basis of these undisputed facts, we conclude that the trial court could not have found that the effect of the unauthorized views and the discussions about them were not prejudicial.”
(Emphasis added.)
In Jordan v. Brantley, 589 So.2d 680, 682 (Ala.1991), our supreme court stated the following:
“We conclude that the trial court could not have found that the extraneous material was not prejudicial, because there was undisputed evidence that the extraneous material had influenced jurors....
[[Image here]]
“Nurse Cherie Jordan argues that the granting of a new trial was unconstitutional ‘in the absence of evidence or substantial evidence that any single juror was influenced or that the plaintiff was prejudiced by the presence of a dictionary in the jury room.’ Obviously, we must reject the argument that the grant of a new trial was improper, because there is substantial evidence of such influence.”
In Clarke-Mobile Counties Gas District v. Reeves, 628 So.2d 868, 369 (Ala.1993), our supreme court stated the following:
“The juror who testified stated that the other juror’s statement about how Clarke Gas had purportedly handled another situation figured into her consideration of the case and affected her decision in returning the verdict against Clarke Gas.
‘We have stated that ‘this Court will affirm a trial court’s denial of a motion for a new trial if the trial court could have reasonably found that the introduction of the extraneous matter into the jury’s deliberations was not prejudicial.’ Based on the juror’s undisputed testimony that the statement about Clarke Gas affected her decision, the only reasonable inference to be drawn about prejudice is that the extraneous statement was prejudicial.”
(Citations omitted.)
In light of the above, we find that the trial court committed reversible error when it denied Ponder’s motion for a new trial because, as indicated above, the juror’s affidavit filed in support of the motion for a new trial states, “[t]his influenced my decision, and I was persuaded by the information in the yellow book to change my vote and vote for reducing the ultimate verdict amount.”
The nursing home, through able and distinguished counsel, argues that Ponder’s main contention comes too late. The nursing home contends that Ponder should have moved for a mistrial, etc., upon notice that the “yellow book” had been mistakenly sent to the jury room with the other exhibits, which had been properly introduced into evidence.
However, in view of Ponder’s lack of knowledge of the contents of the juror’s affidavit and the totality of the circumstances, we find no merit to this argument advanced by the nursing home.
The judgment of the trial court is reversed and remanded.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.