PER CURIAM.
The appellant, Edsel Welch, was convicted of assault in the second degree, a violation of § 13A-6-21, Ala.Code 1975 and was sentenced to 18 months’ in prison.[1] Welch appeals his conviction.
The State’s evidence tended to show that Welch and Belinda Hamilton, the victim’s mother, and the victim, J.G., lived together for several years in a house off Lottie Road in Baldwin County. On August 30, 2008, Hamilton and Welch had a disagreement, and Hamilton asked Welch to move out. Welch returned the next day, and the two argued. Hamilton’s daughter and the victim’s sister was present and also fought with Welch. Welch left the house after the arguments and, because his vehicle would not start, started walking down Lottie Road. As he was walking, a white pick-up truck approached him. J.G. jumped out of the passenger side and a fight ensued between Welch and J.G. Roy Henderson, who was driving the white truck, backed the vehicle up and saw Welch and J.G. fighting in a ditch. According to Henderson, Welch was on top of J.G. and had what looked like a broken bottle in his hand. Welch struck J.G. with a glass vase he had taken from Hamilton’s house. Forensic test showed Welch’s fingerprints on the pieces of broken glass discovered at the scene. Both Welch and J.G. sustained injuries as a result of the fight. J.G. was treated at a local hospital and received numerous stitches and staples for multiple cuts to his head. Law-enforcement officials located Welch that same day and took Welch to a local hospital, where he was treated for his injuries.
Welch, who is African-American, raises only one issue on appeal. He asserts that the circuit court erred in denying his Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), motion because, he argues, he made a prima facie case of racial discrimination which the State failed to rebut. Specifically, Welch asserts that the State’s grounds for striking several black prospective jurors were merely pretextual because a white prospective juror sharing the same characteristic was not removed; therefore, the State exercised disparate treatment when striking black prospective jurors and white prospective jurors.
The circuit court did not specifically rule that Welch had established a prima facie case of racial discrimination; however, it required the State to explain its reasons for its strikes. “ ‘When a trial court calls upon the prosecutor for an explanation, without expressly finding a prima facie case, we will proceed directly to evaluate the sufficiency of the ensuing explanation.’ Williams v. State, 548 So.2d 501, 504 (Ala.Cr.App.1988).” Fletcher v. State, 703 So.2d 432, 435 (Ala.Crim.App.1997).
“ ‘The party alleging racially discriminatory use of peremptory challenges *1278 bears the burden of establishing a prima facie case of discrimination.’” Rogers v. State, 819 So.2d 643, 648-49 (Ala.Crim.App.2001), quoting Burgess v. State, 811 So.2d 557, 572 (Ala.Crim.App.1998). “A defendant makes out a prima facie case of discriminatory jury selection by ‘the totality of the relevant facts’ surrounding a prosecutor’s conduct during the defendant’s trial. Batson, 476 U.S. at 94, 106 S.Ct. 1712.” Lewis v. State, 24 So.3d 480, 489 (Ala.Crim.App.2006). “After the appellant makes a timely Batson motion and establishes a prima facie showing of discrimination, the burden shifts to the State to provide a race-neutral reason for each strike.... See, e.g., Ex parte Bird, 594 So.2d 676 (Ala.1991).” Cooper v. State, 611 So.2d 460, 463 (Ala.Crim.App.1992).
“Within the context of Batson, a ‘race-neutral’ explanation ‘means an explanation based on something other than the race of the juror. At this step of the inquiry, the issue is the facial validity of the prosecutor’s explanation. Unless a discriminatory intent is inherent in the prosecutor’s explanation, the reason offered will be deemed race neutral.’ Hernandez v. New York, 500 U.S. 352, 360, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991). ‘In evaluating the race-neutrality of an attorney’s explanation, a court must determine whether, assuming the proffered reasons for the peremptory challenges are true, the challenges violate the Equal Protection Clause as a matter of law.’ Id. ‘[Evaluation of the prosecutor’s state of mind based on demeanor and credibility lies “peculiarly within the trial judges’s province.” ’ Hernandez, 500 U.S. at 365, 111 S.Ct. at 1869.”
Allen v. State, 659 So.2d 135, 147 (Ala.Crim.App.1994). “While there may be ‘ “any number of bases” on which a prosecutor reasonably may believe that it is desirable to strike a juror who is not excusable for cause ..., the prosecutor must give a “clear and reasonably specific” explanation of his “legitimate reasons” for exercising the challenges.’ 476 U.S. at 98 n. 20, 106 S.Ct. 1712.” Lewis, 24 So.3d at 489-90. Once the prosecutor has articulated race-neutral reasons for the strike, the moving party can then offer evidence showing that those reasons are merely a sham or pretext. Ex parte Branch, 526 So.2d 609, 624 (Ala.1987).
“ ‘When reviewing a trial court’s ruling on a Batson motion, this court gives deference to the trial court and will reverse a trial court’s decision only if the ruling is clearly erroneous.’ Yancey v. State, 813 So.2d 1, 3 (Ala.Crim.App.2001). ‘A trial court is in a far better position than a reviewing court to rule on issues of credibility.’ Woods v. State, 789 So.2d 896, 915 (Ala.Crim.App.1999). ‘Great confidence is placed in our trial judges in the selection of juries. Because they deal on a daily basis with the attorneys in their respective counties, they are better able to determine whether discriminatory patterns exist in the selection of juries.’ Parker v. State, 571 So.2d 381, 384 (Ala.Crim.App.1990).
“‘Deference to trial court findings on the issue of discriminatory intent makes particular sense in this context because, as we noted in Batson, the finding will “largely turn on evaluation of credibility” 476 U.S., at 98, n. 21. In the typical challenge inquiry, the decisive question will be whether counsel’s race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor’s state of mind based on *1279 demeanor and credibility lie “peculiarly within a trial judge’s province.” Wainwright v. Witt, 469 U.S. 412, 428, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985), citing Patton v. Yount, 467 U.S. 1025, 1038, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984).’
“Hernandez v. New York, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).”
Doster v. State, [Ms. CR-06-0323, July 30, 2010] — So.3d—,—(Ala.Crim.App.2010).
First, we note that it is impossible to review the validity of Welch’s argument because he failed to ensure that there was a complete record for this Court to review on appeal. Although the court reporter and the attorneys used the names of the veniremembers during voir dire proceedings, the attorneys struck based on the numbers assigned to the venire-members, not their names. The record does not include a strike list or any other document that shows the names, race, and numbers of the veniremembers in this case.
“The jury strike list is not in the record, nor is the striking of the jury included in the trial transcript. ... Other than defense counsel’s assertions in support of the Batson motion, there is simply no evidence in the record of the race of prospective jurors on the venire, of which prospective jurors were struck by the State and which were struck by the defense, or even of the identity or race of the jurors who ultimately sat on Johnson’s jury. ‘It is the appellant’s duty to provide this Court with a complete record on appeal.’ Knight v. State, 621 So.2d 394, 395 (Ala.Crim.App.1993). ‘ “Where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly done.’” Owens v. State, 597 So.2d 734, 736 (Ala.Crim.App.1992), quoting Jolly v. State, 405 So.2d 76, 77 (Ala.Crim.App.1981). ‘This court will not presume error from a silent record.’ Frazier v. State, 758 So.2d 577, 600 (Ala.CrimApp.), aff'd, 758 So.2d 611 (Ala.1999), cert. denied, 531 U.S. 843, 121 S.Ct. 109, 148 L.Ed.2d 66 (2000). See also Roberts v. State, 627 So.2d 1114, 1116 (Ala.Crim.App.1993).”
Johnson v. State, 823 So.2d 1, 18-19 (Ala.Crim.App.2001). See also Baker v. State, 683 So.2d 1 (Ala.Crim.App.1995); Roberts v. State, 627 So.2d 1114, 1116 (Ala.Crim.App.1993). This Court can not find reversible error from a silent record. See Frazier v. State, 758 So.2d 577 (Ala.Crim.App.1999).
Moreover, assuming defense counsel’s assertions — that the State did strike black prospective jurors who had been on an arson case the week before but who failed to remove a white prospective juror for the same reason — are true, we would find no Batson violation.
The following occurred when defense counsel made a Batson objection:
“[Defense counsel]: In accordance with Batson v. Kentucky, 476 U.S. 79, the State has used its peremptory strikes in a manner to which all black members from the venire were struck, which were two black females; one being [E.A.], the second being [R.B.]. My client is an African-American male. This is not a jury that would be a set of his peers since the State chose to strike every single one of the African-Americans that were seated on this jury pool.
“The Court: [Prosecutor], can you articulate a race-neutral reason?
“[Prosecutor]: Yes, sir, I can. Your Honor, there were six members of the venire that said they were on an arson case last week. That was a case that they found guilty of a lesser included *1280 misdemeanor. And I struck every single one of those persons from the jury, the venire, some being white, some being black.
“The Court: What was the number of black jurors?
“[Prosecutor]: There were six total, and the two black members of the venire were on that jury.
“The Court: Both of them?
“[Prosecutor]: Yes, sir.
“The Court: Batson challenge denied. Let’s bring the jury in.
“[Defense counsel]: Judge, may I set the record straight? That’s an incorrect statement, because number 20 is a white male [sic] who also indicated, [D.K.], that she was on that jury and that person was left on this jury venire.
“Third, I would make the objection again. [E.A.] did not state that she was on the arson, and she is a black female, also. So, Judge, I’m making that objection. Those are incorrect statements.
“[Prosecutor]: Judge, from my notes I did not have number 20, but I had — I can tell you the numbers that I have that said they were on the arson case.
“The Court: Challenge denied. Bring the jury in.”
(R. 28-30.)
The Alabama Supreme Court in Ex parte Brown, 686 So.2d 409 (Ala.1996), held that the State’s failure to remove a white prospective juror similarly situated to a removed black prospective juror based on a mistaken belief that the white prospective juror was an engineer did not violate Batson. As this Court stated in Lewis v. State, 24 So.3d 480 (Ala.Crim.App.2006):
“The prosecutor stated that juror number 57 was struck because he had a prior misdemeanor conviction for writing a bad check. However, the prosecutor did not strike juror number 16 — a white female — despite the fact that she also had a prior misdemeanor conviction for writing a bad check. Thus, we must consider whether the prosecutor engaged in disparate treatment of these two veniremembers. As previously noted, striking a prospective juror based upon a prior conviction or previous criminal history is a race-neutral reason. However, this Court has made it clear that the failure to strike both white and African-American veniremembers because of prior criminal records constitutes evidence of disparate treatment. See Yancey v. State, 813 So.2d at 7; Powell v. State, 548 So.2d 590 (Ala.Crim.App.1988), aff'd, 548 So.2d 605 (Ala.1989).
“Here, the prosecutor explained that he failed to strike juror number 16 because he was unaware of her previous misdemeanor conviction. Had he known of juror number 16’s criminal record, the prosecutor stated, he would have stricken her as well. The Alabama Supreme Court discussed a similar situation in Ex parte Brown, 686 So.2d 409, 420 (Ala.1996), cert. denied, 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997). The court noted:
“ ‘A prosecutor can strike based on a mistaken belief, see Taylor v. State, 666 So.2d 36, 42 (Ala.Cr.App.1994); therefore, it is logical that a prosecutor may also decide, based on a mistaken belief, not to strike a venire-member. Because the discrepancy in the way these two jurors were treated was adequately explained, we conclude that the strike of Juror 19 was race-neutral.’
“Accord Fletcher v. State, 703 So.2d 432, 436 (Ala.Crim.App.1997); cf. McNair v. Campbell, 416 F.3d 1291, 1311 (11th Cir.2005), cert. denied sub nom., McNair v. *1281 Allen, 547 U.S. 1073, 126 S.Ct. 1828, 164 L.Ed.2d 522 (2006) (‘Although the prosecutor’s reason for striking McAllister was based on a belief that ultimately proved incorrect, this does not establish by clear and convincing evidence that the state court’s finding of fact was erroneous.’).
“The trial court found credible the prosecutor’s assertion that he had relied on a jury-information sheet that did not reflect juror number 16’s bad-check conviction. (State’s Exhibit 3, Supp. C. 31.) In light of the fact that a number of convictions from Houston County have been reversed as a result of Batson violations, the trial court was certainly aware of the potential for abuse and, further, was in the best position to weigh the credibility of the prosecutor’s assertion that he was unaware of juror number 16’s bad-check conviction. State’s Exhibit 3 certainly lends credence to the trial court’s finding. Additionally, the State argues, and the record indicates, that the prosecutor also struck prospective juror W.C., a white female, who, like juror number 57, had a bad-check conviction. This also suggests that the prosecutor struck prospective white jurors based on misdemeanor bad-check convictions and that he failed to strike juror number 16 because he was unaware of the full extent of her criminal history.”
24 So.3d at 501-02.
In this ease, the circuit court believed that the prosecutor’s failure to remove the white prospective juror was based on a mistaken belief. We afford that ruling great deference because the circuit court knew the prosecutor and was able to directly access the prosecutor’s demeanor when responding to Welch’s assertions of bias. See Hernandez v. New York, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). There is no reason to go behind the circuit court’s ruling in this case. Welch is due no relief on this claim.
For the foregoing reasons, Welch’s conviction for assault in the second degree is due to be, and is hereby, affirmed.
AFFIRMED.
WISE, P.J., and WINDOM and KELLUM, JJ., concur. MAIN, J., dissents, with opinion, which WELCH, J., joins.

. Welch was indicted on a charge of domestic violence, based on his assault of J.G., who lived in the same household as Welch at the time of the incident because Welch was dating J.G.’s mother, Belinda Hamilton. At trial, defense counsel argued that the indictment was defective and should be dismissed because it alleged second-degree domestic violence based on second-degree assault, a viola-tionof §§ 13A-6-21 and 13A-6-131, Ala.Code 1975. However, the indictment cited the Code section defining the offense of third-degree domestic violence. See § 13A-6-132, Ala.Code 1975. (C. 9.) The circuit court denied the motion and stated it would charge the jury only on second-degree assault and would not charge on domestic violence. (R. 148-50.)