WINDOM, Judge,
dissenting.
I disagree with the majority’s decision to remand this cause to the circuit court for that court to conduct an evidentiary hearing regarding Aaron Coleman’s allegation that his counsel suffered from a conflict of interest. Specifically, the record and pleadings indicate that the circuit court inquired into a possible conflict of interest and, according to defense counsel, determined that “no confidential information was acquired in the representation of the Cl that counsel could use on behalf of [Coleman] in this matter[; therefore,] no conflict of interest existed.” (C. 50.) The record, however, does not contain the proceeding during which the circuit court inquired into the possible conflict or the evidence or assertions relied upon by the circuit court to make its determination. Because Coleman has not made any effort to provide this Court with a complete record, I do not believe that Coleman has met his burden to provide this Court with a sufficient record, Carden v. State, 621 So.2d 342, 346-47 (Ala.Crim.App.1992), and I would not remand this cause for the circuit court to do what has already been done, and, presumably, has been done correctly. See Williams v. State, 55 So.3d 366, 370 (Ala.Crim.App.2010) (‘““Where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly done.” ’ ”) (quoting Johnson v. State, 823 So.2d 1, 18-19 (Ala.Crim.App.2001), quoting in turn Owens v. State, 597 So.2d 734, 736 (Ala.Crim.App.1992), quoting in turn Jolly v. State, 405 So.2d 76, 77 (Ala.Crim.App.1981)). Therefore, I respectfully dissent.
Coleman’s only argument on appeal is that the circuit court erroneously denied his attorney’s motion to withdraw. Specifically, Coleman asserts that his trial counsel also represented á witness for the State; therefore, counsel suffered from a conflict of interest. From there, Coleman contends that the circuit court abused its discretion by denying counsel’s motion to withdraw.
*152 Coleman, however, has not provided a sufficient record to review the merits of this issue. The record indicates that Coleman’s trial began on November 10, 2010. According to written motions filed by trial counsel, at some point before November 9, 2010, counsel orally moved the circuit court to allow him to withdraw from representing Coleman on the ground that counsel represented a State’s witness, a confidential informant; therefore, counsel suffered from a conflict of interest.[1] (C. 45, 50.) In Coleman’s unverified motion for a new trial, trial counsel asserted that the circuit court had denied his motion after finding that “no confidential information was acquired in the representation of the Cl that counsel could use on behalf of [Coleman] in this matter[; therefore,] no conflict of interest existed.” (C. 50.) The record, however, does not contain a transcript of trial counsel’s first oral motion to withdraw or the proceedings in which the circuit court determined that no conflict existed.
After the circuit court denied counsel’s first oral motion to withdraw, counsel, on November 9, 2010, filed a written motion renewing his oral motion to withdraw. The transcript of the proceeding begins on November 10, 2010, after jury selection and just before opening statements. Before opening statements, counsel orally renewed his motions to withdraw. The circuit court ruled that “[f|or the reasons I have stated ... the motion to withdraw ... [is] denied.” (R. 11.)
Other than the assertions in trial counsel’s pleadings, the record does not contain the reasons the circuit court previously gave for denying the motion to withdraw. Further, the record does not contain a transcript of the proceedings in which counsel first moved to withdraw; therefore, the circuit court presumably inquired into the possible conflict of interest. See Williams, 55 So.3d at 370 (“ ‘ “Where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly done.” ’ ”) (quoting Johnson, 823 So.2d at 18-19, quoting in turn Owens, 597 So.2d at 736, quoting in turn Jolly, 405 So.2d at 77). Accordingly, the record is silent regarding the extent to which the circuit court inquired into a possible conflict of interest and regarding the correctness of the circuit court’s determination.
It is well settled that:
“[t]he appellant bears the burden of bringing the record before the appellate court. Montgomery v. State, 504 So.2d 370 (Ala.Crim.App.1987). An appellate court may only consider the facts contained in the record on appeal, and it may not presume any facts not shown by that record and make them a ground for reversal. Williams v. State, 412 So.2d 1274 (Ala.Crim.App.1982).”
Carden, 621 So.2d at 346-47. Stated differently, “[t]he appellant ‘ “bears the burden of bringing the record before an appellate court. He and his counsel have the duty of checking the record before submitting the appealf, and if the record is incomplete,] [i]t is their duty to file a corrected record.” ’ ” Smith v. State, 745 So.2d 922, 928 (Ala.Crim.App.1999) (quoting Ingram, v. State, 629 So.2d 800, 804 (Ala.Crim.App.1993), quoting in turn Jordan v. State, 607 So.2d 333, 335 (Ala.Crim.App.1992)).
It is equally well settled that “ ‘ “[w]here the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly *153 done.” ’ ” Williams, 55 So.3d at 370 (quoting Johnson, 823 So.2d at 18-19, quoting in turn Owens, 597 So.2d at 736, quoting in turn Jolly, 405 So.2d at 77). See also Finney v. State, 860 So.2d 367, 376-77 (Ala.Crim.App.2002) (same); Welch v. State, 63 So.3d 1275, 1279 (Ala.Crim.App.2010) (same); Robinson v. State, 444 So.2d 884, 885 (Ala.1983) (holding that a silent record supports the circuit court’s judgment). In other words, “[a] reviewing court cannot predicate error on matters not shown by the record.” Ex parte Howell, 974 So.2d 304, 306 (Ala.2007) (citations and quotations omitted). “Indeed, [when an appellant fails to supply an appellate court with an adequate record, the] silent record supports [the circuit court’s] judgment.” Id. (citations and quotations omitted).
Here, Coleman did not satisfy his burden to supply this Court with a sufficient record to review the propriety of the circuit court’s determination that no conflict of interest existed. As stated above, the record is silent regarding the extent to which the circuit court inquired into a possible conflict of interest, regarding the assertions and/or evidence presented to the circuit court to support the alleged conflict, and regarding the basis for the circuit court’s denial of the motion to withdraw. The silence is not surprising. In his reporter’s transcript order, Coleman did not request a transcript of any pretrial proceedings. Further, after the transcript had been prepared, Coleman did not file a motion pursuant to Rule 10(g), Ala. R.App. P., to supplement the record with the oral motion and proceedings leading to the disposition of the motion. Further, Coleman has not made any attempt to utilize Rules 10(d) or 10(e), Ala. R.App. P., to create a record of these proceedings in the event they were not recorded.
Consequently, Coleman has not met his burden to provide this Court with a sufficient record to review the propriety of the circuit court’s denial of counsel’s motion to withdraw. Because Coleman has left this Court with a silent record, this Court must “ ‘ “presume! ] that what ought to have been done was not only done, but rightly done.” ’ ” Williams v. State, 55 So.3d 366, 370 (Ala.Crim.App.2010) (quoting Johnson, 823 So.2d at 18-19, quoting in turn Owens, 597 So.2d at 736, quoting in turn Jolly, 405 So.2d at 77).
Because the record is silent, the State asserts, and the majority agrees, that this cause should be remanded for an eviden-tiary hearing on Coleman’s claim that trial counsel suffered from a conflict of interest. In other words, the State and the majority seek to remand this cause for the circuit court to do that which, based on the silent record, this Court should “presume[ ] ... was not only [already] done, but rightly done.” Williams, 55 So.3d at 370. To support their positions, both the State and the majority rely on Deerman v. State, 466 So.2d 1013, 1014 (Ala.Crim.App.1984); however, Deerman is distinguishable. In Deerman, once the potential conflict of interest was brought to the circuit court’s attention, the court did not inquire into the extent of a potential conflict. Id. at 1017. Instead, the circuit court “anticipated [holding] a hearing on this issue [once it was raised in] a motion for a new trial[; however,] [s]uch a motion was never filed.... ” Id. Because no hearing was held, the circuit court never fully inquired into the extent of a possible conflict of interest or whether the alleged conflict of interest affected counsel’s performance. Id. Thus, Deerman was a case in which the circuit court did not make an adequate inquiry into trial counsel’s potential conflict of interest.
*154 In contrast, the record before this Court indicates that the circuit court in this case did inquire into trial counsel’s potential conflict of interest and determined that “no confidential information was acquired in the representation of the Cl that counsel could use on behalf of [Coleman] in this matterf; therefore,] no conflict of interest existed.” (C. 50.) Thus, this is not a case like Deennan, where the record shows that the circuit court’s inquiry was inadequate. Instead, this is a case in which the record is silent regarding the proceedings in which the circuit court made its inquiry; therefore, this Court should presume that what was done was done correctly. Williams, 55 So.3d at 370.
Because Coleman has failed to provide this Court with an adequate record, this Court should presume from the silent record that the circuit court made an adequate inquiry into the possible conflict of interest and correctly determined that no conflict existed. Williams, 55 So.3d at 370. See also Salvadore v. Howard, 249 Ala. 354, 355, 31 So.2d 345, 346 (1947) (recognizing that “on appeal, all things are presumed to have been done correctly and proper adjudications made, unless the contrary appears”). Therefore, I disagree with the majority’s decision to remand this cause with instructions for the circuit court to do that which presumably has already been done, and I respectfully dissent.

On Return to Remand

PER CURIAM.
The appellant, Aaron Coleman, was convicted of two counts of the unlawful distribution of a controlled substance and was sentenced to concurrent terms of five years in prison. The sentences were split, and he was ordered to serve six months in prison followed by five years of supervised probation. Coleman appealed to this Court. We remanded the case for the circuit court to hold an evidentiary hearing and to make findings of fact as to whether there was an actual conflict of interest in defense counsel’s representing both Coleman and the confidential informant who testified against him. See Coleman v. State, 93 So.3d 145 (Ala.Crim.App.2011). The circuit court has complied with our directions and has submitted its findings to this Court. The circuit court stated the following:
“(1) At the time of the trial of the defendant, trial counsel represented both the defendant and the prosecution’s chief witness, a confidential informant named [F.C.].
“(2) During his representation of the confidential informant, trial counsel learned privileged information that later became relevant during the trial of the defendant but could not be disclosed by trial counsel without violating the attorney client privilege.
“(3) Trial counsel’s knowledge of the privileged information materially limited his ability to perform his duties and vigorously represent the defendant for fear of actually divulging the privileged information and committing professional misconduct.
“(4) The defendant was denied effective assistance of counsel by trial counsel’s inability to fully cross-examine the confidential informant.”
(Return to remand, R. 3-4.)
We agree with the circuit court that Coleman established an actual conflict of interest by his counsel’s simultaneous representation of both Coleman and the confidential informant who was the chief prosecution witness against Coleman. Based on the cases cited in our main opinion, Motion v. State, 651 So.2d 663 (Ala.Crim.App.1994), and Pinkerton v. State, 395 So.2d 1080 (Ala.Crim.App.1980), Coleman is enti- *155 tied to a new trial with an attorney who is free from any conflict of interest.
Accordingly, Coleman’s convictions for two counts of the unlawful distribution of a controlled substance are due to be reversed and this case is remanded to the Coffee Circuit Court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.
WINDOM, P.J., adheres to original dissent.

. The majority states that "one week before the trial was scheduled to begin counsel filed a motion to withdraw.” 93 So.3d at 147. Contrary to that statement, counsel's written motion was filed on November 9, 2010, the day before the trial began. (C. 46; R. 2-6.)