WISE, Presiding Judge.
 

 On December 8, 1999, the appellant, Gregory Conrad Owens, entered pleas of guilty to three counts of third-degree robbery and one count of first-degree theft of property. The trial court sentenced him, as a habitual offender, to serve terms of life in prison on each conviction.
 
 See
 
 § 13A-5-9(c), Ala.Code 1975. On January 27, 2009, Owens filed a motion for reconsideration of his sentences pursuant to § 13A-5-9.1, Ala.Code 1975. Without requiring a response from the State, the circuit court summarily denied the motion. This appeal followed.
 

 I.
 

 Owens argues that the judge who ruled on his motion did not have authority to do so because he was not the sentencing judge or the presiding judge. However, effective June 14, 2007, the Legislature amended § 13A-5-9.1, Ala.Code 1975, to provide that motions for reconsideration can be heard by the sentencing judge or, “if the sentencing judge is no longer in office, by any circuit judge appointed by the presiding judge.” Act 2007-457, Ala. Acts 2007. In this case, the presiding judge for Mobile County entered the following order:
 

 “By the authority vested in me as Presiding Circuit Judge under the provisions of
 
 Rule 13 of the Alabama Rules of Judicial Administration
 
 and pursuant to Section 13A-5-9.1, Code of Alabama 1975, as amended, which applies to the retroactive application of the Habitual Felony Offender Act by the sentencing Judge or ‘... if the sentencing Judge is no longer in office, by any Circuit Judge appointed by the Presiding Judge, for consideration of early parole...,’ I hereby order that the Circuit Clerk shall assign all motions for post judgment relief pursuant to
 
 Rule 32, A.R.Crim. P., or
 
 pursuant to Section 13A-5-9.1,
 
 Code of Alabama,
 
 to the docket of the sentencing Judge or, if the sentencing
 
 *1185
 
 Judge is no longer serving, to the docket of the Judge presiding over the cases of such Judge who is no longer serving. These Circuit Judges are hereby appointed to hear said motions for consideration of resentencing pursuant to Section 13A-5-9 and 9.1 of the
 
 Code of Alabama
 
 1975 as amended. A copy of this Order shall be placed in the court file of all cases so affected by this Order.”
 

 (S.C.R. 24.) Therefore, the circuit judge had the authority to rule on the motion even though he was not the sentencing judge or the presiding judge.
 

 II.
 

 Owens also argues that the circuit court erred in denying his motion for reconsideration of his sentence as to his conviction for first-degree theft of property.
 
 [1]
 
 In its order denying the motion, the circuit court found:
 

 “The Petitioner requests reconsideration of sentences of life in prison.... The Petitioner was not sentenced to life in prison without the possibility of parole. Therefore, the court is without jurisdiction to reconsider the Petitioner’s sentences. The Petition is DENIED.”
 

 (C.R. 26.) Owens contends that the circuit court denied his motion based on an incorrect application of § 13A-5-9.1, Ala.Code 1975, and specifically points out that first-degree theft of property is a Class B felony rather than a Class A felony.
 
 See
 
 § 13A-8-3(d), Ala.Code 1975.
 

 “As the Alabama Supreme Court explained in
 
 Kirby [v. State,
 
 899 So.2d 968 (Ala.2004) ]:
 

 “ ‘In 2001, the Legislature passed Act No. 2001-977 (“the Act”) in an attempt to make the 2000 amendments to § 13A-5-9 retroactive. The stated purpose of the Act was “to provide further for eligibility for parole consideration of non-violent offenders.” The Act, now codified as § 13A-5-9.1, states in its entirety:
 

 “ ‘ “The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.”
 

 [[Image here]]
 

 “ ‘...
 
 Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders:
 
 those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions;
 
 and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony-
 
 Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders.’
 

 “899 So.2d at 969-974. Therefore, the only inmates who would be eligible for reconsideration of their sentence(s), in the discretion of the circuit court, are (1)
 
 nonviolent offenders with three prior felony convictions who were subsequently convicted of a Class B felony and sentenced to life in prison pursuant to
 
 
 *1186
 

 § 13A-5-9(c)(2), Ala.Code 1975,
 
 and (2) nonviolent offenders with three prior felony convictions, none of which was for a Class A felony, who were subsequently convicted of a Class A felony and sentenced to imprisonment for life without the possibility of parole pursuant to § 18A-5-9(c)(3), Ala.Code 1975.”
 

 Prestwood v. State,
 
 915 So.2d 580, 584-85 (Ala.Crim.App.2005) (emphasis added).
 

 “There are three requirements for eligibility to have a sentence reconsidered under § 18A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5—9(c)(3) and had no prior Class A felony convictions or
 
 was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2),
 
 see
 
 Prestwood,
 
 supra; and (3) the inmate is a ‘nonviolent convicted offender.’ An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1.”
 

 Holt v. State,
 
 960 So.2d 726, 734-35 (Ala.Crim.App.2006) (emphasis added).
 

 Because Owens entered his guilty pleas on December 8, 1999, he satisfies the first eligibility requirement set forth in
 
 Holt.
 
 Also, Owens was convicted of the Class B offense of first-degree theft of property and sentenced, as a habitual offender with three or more prior felony convictions, to serve a term of life in prison. Therefore, he satisfies the second eligibility requirement set forth in
 
 Holt,
 
 and the circuit court erred in finding that he did not. The circuit court did not make any findings as to whether Owens was a nonviolent convicted offender, which is the third eligibility requirement set forth in
 
 Holt.
 

 The State concedes that the circuit court improperly denied the motion as to the first-degree theft of property conviction and requests that we remand the case for the circuit court to determine whether Owens is a nonviolent convicted offender. Accordingly, we remand this case to the circuit court for it to set aside its order denying the motion for reconsideration of his sentence with regard to his first-degree theft of property conviction in case number CC-99-3459 and to consider the motion for reconsideration as to that case number pursuant to this court’s holding in
 
 Holt.
 
 On remand, if the circuit court determines that Owens is eligible for reconsideration of his sentence and chooses to exercise its discretion to resentence him, it shall so state. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion.
 

 REMANDED WITH INSTRUCTIONS.
 

 WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . In his brief to this court, Owens concedes that he is not eligible for reconsideration of his sentences on his convictions for third-degree robbery, which is a Class C felony.