MURDOCK, Justice.
This Court granted certiorari review to consider the validity of an administrative order of the Montgomery Circuit Court pursuant to which a circuit judge was appointed to decide James Sheridan Knight’s motion for sentence reconsideration filed under Ala.Code 1975, § 13A-5-9.1, and Kirby v. State, 899 So.2d 968 (Ala.2004).

I. Facts and Procedural History

In 1993, Knight was convicted of first-degree theft of property and third-degree burglary. He was sentenced under the Habitual Felony Offender Act, Ala.Code 1975, § 13A-5-9 (“the HFOA”), to life imprisonment on the theft conviction and to 15 years in prison on the burglary conviction, the sentences to be served concurrently.
*718 In 2000, the legislature amended the HFOA to make certain sentences less severe than the sentences imposed under the pre-amendment version of the HFOA. In 2001, the legislature enacted Act No. 2001-977 (now codified at Ala.Code 1975, § 13A-5-9.1), which made the 2000 amendments to the HFOA retroactive as applied to a limited class of nonviolent habitual offenders. Section 13A-5-9.1, as amended in 2007, provides:
“The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or, if the sentencing judge is no longer in office, by any circuit judge appointed by the presiding judge, for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the Court.”
(Emphasis added.)
In June 2009, Knight filed a motion for sentence reconsideration under Ala.Code 1975, § 13A-5-9.1, and Kirby of his sentence of life imprisonment on the theft conviction. Knight alleged in his motion that he has never been convicted of a violent offense, that he “has [committed] 6 nonviolent crimes in his life,” that “his prison record did not evidence a pattern of violent behavior,” and that “he had served more than 18 years with good conduct.”[1] Knight also alleged that his sentence is one that is within the scope of § 13A-5-9.1.[2]
The judge who sentenced Knight in 1993 left office before the present motion for sentence reconsideration was filed. Knight’s motion was assigned to Judge Truman M. Hobbs, Jr., pursuant to a standing administrative order entered on July 25, 2007, by the presiding judge of the Montgomery Circuit Court. This order provided:
“Effective immediately, it is hereby ORDERED that all motions filed pursuant to Code of Alabama, § 13A-5-9.1, and Kirby v. State, 899 So.2d 968 (Ala. 2004), shall be assigned to the sentencing judge. If the sentencing judge is no longer in office, said motions shall be assigned to the Circuit Judge holding the sentencing judge’s seat or to a Circuit Judge. This Order is issued pursuant to the recent amendment [to the] Code of Alabama § 13A-5-9.1....”
(Emphasis added.) The record does not reveal whether Judge Hobbs holds the same seat as the seat previously held by Knight’s sentencing judge. Without requiring an answer from the State, the circuit court summarily denied Knight’s motion for sentence reconsideration.
Knight appealed to the Court of Criminal Appeals, contending, among other things, (1) that Judge Hobbs was not the “sentencing judge,” and (2) that the administrative order of July 25, 2007, did not appoint Judge Hobbs to decide his motion, as would be required by § 13A-5-9.1. Specifically, Knight contends that the statute requires that the appointment be made by the presiding judge, but that the order allows the circuit clerk to exercise discretion in assigning motions for sentence reconsideration to any circuit judge. The *719 Court of Criminal Appeals affirmed the order denying Knight’s motion for sentence reconsideration by an unpublished memorandum. Knight v. State (No. CR-08-1681, Dec. 4, 2009), 64 So.3d 1160 (Ala.Crim.App.2009) (table). This Court granted certiorari review to consider whether Judge Hobbs has the authority to decide Knight’s motion for sentence reconsideration.

II. Standard of Review

“The interpretation of a statute involves a question of law and an appellate court reviews a trial court’s interpretation de novo, without any presumption of correctness. [0]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court’s review is de novo.”
Girard v. State, 883 So.2d 717, 719 (Ala.2003) (citation and internal quotations omitted). “ ‘This Court reviews pure questions of law in criminal cases de novo.’ ” Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004) (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)). Also, “[t]he fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute.” IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992).

III. Analysis

Section 13-5-9.1, as amended in 2007, provides for its implementation “by the sentencing judge or, if the sentencing judge is no longer in office, by any circuit judge appointed by the presiding judge.” Judge Hobbs was not the sentencing judge. Therefore, he was authorized to decide Knight’s motion for sentence reconsideration only if the standing administrative order of July 25, 2007, constituted a valid appointment by the presiding judge pursuant to § 13A-5-9.1.
In applying this statute in the present case, we first note that the original version of § 13A-5-9.1, i.e., as it was enacted in 2001, allowed motions for sentence reconsideration to be heard only by the sentencing judge or the presiding judge. As originally enacted, § 13A-5-9.1 provided:
“The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.”
(Emphasis added.)
In Kirby, this Court upheld the constitutionality of § 13A-5-9.1 and held that the statute “confers jurisdiction upon the sentencing judge or the presiding judge to apply the 2000 amendment to the HFOA retroactively.” 899 So.2d at 972 (emphasis added). The Kirby Court stated that “[i]t is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate’s crime and his or her conduct ... in deciding whether the inmate is a nonviolent offender.” 899 So.2d at 974 (emphasis added).
In Ex parte Sandifer, 925 So.2d 290 (Ala.Crim.App.2005), the Court of Criminal Appeals held that, under the original version of § 13A-5-9.1, the presiding judge did not have authority to appoint an acting presiding judge whose duty it would be to decide all motions for sentence reconsideration filed in that circuit. The court held (1) that the order making such an appointment in question was void because the “acting presiding judge” was neither the sentencing judge nor the presiding judge and (2) that a presiding circuit judge did not have the authority to unilaterally appoint an acting presiding judge to hear all motions for sentence reconsideration filed in the circuit.
In Ex parte Jenkins, 992 So.2d 1248 (Ala.2007), a case applying the original ver *720 sion of § 13A-5-9.1, this Court held that an order denying the defendant’s motion for sentence reconsideration was void because it was entered by a judge who was neither the sentencing judge nor the presiding judge. This Court stated:
“By enacting § 13A-5-9.1, the legislature conferred on the trial court continuing jurisdiction over motions for sentence reconsideration, to be exercised by only the sentencing judge or the presiding judge.... Because the judge who denied Jenkins’s first motion for sentence reconsideration was neither the sentencing judge nor the presiding judge, under § 13A-5-9.1 he was without jurisdiction to consider that motion, and the denial of that motion resulted in a void judgment.”
992 So.2d at 1250.
In 2007, the legislature enacted Act No. 2007-457, Ala. Acts 2007, which amended § 13A-5-9.1 to allow motions for sentence reconsideration to be decided by the sentencing judge or, if the sentencing judge is no longer in office, by any circuit judge appointed by the presiding judge. This amendment apparently was enacted because of the increasing number of such motions and the need for circuit courts to have flexibility in managing their dockets. See Sandifer, 925 So.2d at 297 (Cobb, J., dissenting).
Knight contends that the July 25, 2007, administrative order of the Montgomery Circuit Court does not constitute a valid judicial appointment under § 13A-5-9.1 because the inclusion of the phrase “or to a Circuit Judge” in the order allows the circuit clerk to exercise discretion in assigning motions for sentence reconsideration to various judges. That is, Knight contends that the selection of Judge Hobbs as the circuit judge to hear his motion was not the act of the presiding judge as required by the statute and, consequently, that Judge Hobbs did not have authority to decide Knight’s motion. We agree.
In Owens v. State, 39 So.3d 1183 (Ala.Crim.App.2009), the Court of Criminal Appeals held that a standing order by the presiding circuit judge was sufficient to constitute a valid appointment of a circuit judge under § 13A-5-9.1 to hear a motion for sentence reconsideration. The order at issue in Owens provided:
“ ‘By the authority vested in me as Presiding Circuit Judge under the provisions of Rule 13 of the Alabama Rules of Judicial Administration and pursuant to Section 13A-5-9.1, Code of Alabama 1975, as amended, ... I hereby order that the Circuit Clerk shall assign all motions for post judgment relief pursuant to Rule 32, [Ala.] R.Crim. P., or pursuant to Section 13A-5-9.1, Code of Alabama, to the docket of the sentencing Judge or, if the sentencing Judge is no longer serving, to the docket of the Judge presiding over the cases of such Judge who is no longer serving. These Circuit Judges are hereby appointed to hear said motions for consideration of resentencing pursuant to Section 13A-5-9 and -9.1 of the Code of Alabama 1975 as amended. A copy of this Order shall be placed in the court file of all cases so affected by this Order.’ ”
Owens, 39 So.3d at 1184-85 (emphasis added). The court in Owens concluded, without much analysis, that “the circuit judge [designated by the administrative order] had the authority to rule on the motion even though he was not the sentencing judge or the presiding judge.” 39 So.3d at 1185.
The standing order in Owens differs from the administrative order in the present case because, by reference to the seat of the no longer serving judge, the order in Owens selected the specific judge to whom any given motion for sentence reconsideration would be assigned, rather *721 than leaving that selection to the circuit clerk. The appointment of a judge under the standing order at issue in Owens could fairly be said to be the act of the presiding judge, and not the act of the circuit clerk.
In contrast, the administrative order in the present case does not select the judge for any given case. The order in the present case provides that motions for sentence reconsideration “shall be assigned to the Circuit Judge holding the sentencing judge’s seat or to a Circuit Judge.” The inclusion of the phrase “or to a Circuit Judge” leaves to the circuit clerk the task of selecting a circuit judge to hear a motion for sentence reconsideration.[3]
The State contends that, in effect, there was no delegation to the circuit clerk of *722 authority to select the judge to hear Knight’s motion because any delegation involved only ministerial acts. The State expressly refers to the common practice in many circuits of assigning cases and motions randomly or on a rotating basis. The State’s contention is without factual support because the July 25, 2007, administrative order does not refer to a random or rotating assignment, and we therefore do not consider it further.

IV Conclusion

Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and WOODALL, STUART, and PARKER, JJ., concur.
BOLIN and SHAW, JJ., dissent.
MAIN and WISE, JJ., recuse themselves.*

. The record does not reveal any details about Knight's prior crimes or his prison record.

. Knight was sentenced under the pre-amendment version of § 13A-5-9(c)(2), which provided that a defendant with three or more prior felony convictions must receive a sentence of life imprisonment upon conviction of a Class B felony. The current version of § 13A-5-9(c)(2) provides for a sentence of life imprisonment or any term not less than 20 years for such a defendant. If Knight had been sentenced after the 2000 amendment to the HFOA, the sentencing judge would have had discretion to impose a sentence of less than the sentence of life imprisonment Knight received.

. The dissent states that we improperly assume that Judge Hobbs's appointment to this case occurred pursuant to this phrase. We note, however, that Knight’s motion for sentence reconsideration was summarily denied; Knight had no opportunity to make any record as to the basis for the assignment of his case to Judge Hobbs. In the trial court, Knight alleged that “Judge Hobbs did not have jurisdiction.” He then observed that Judge Joseph Phelps, and not Judge Hobbs, was his sentencing judge and that "[njothing in the record indicates that Judge Hobbs was specially appointed by the Presiding Judge of Montgomery County to hear Knight's motion." The State offered no response to this motion, and the circuit court did not enter any subsequent orders.
On appeal, the Court of Criminal Appeals issued an order to the circuit court, stating, in part:
"Judge Truman Hobbs, who ruled on [Knight’s] motion for reconsideration, was not the judge who sentenced [Knight]. Also, the record does not include an order indicating that, at the time Judge Hobbs ruled on [Knight’s] motion, the presiding judge had appointed him to rule on the motion.
"In accordance with Rule 10(g), Ala. R.App. P., this court ORDERS that the circuit court supplement the record on appeal to include a copy of the order appointing Judge Hobbs to preside over [Knight’s] motion for reconsideration of his sentence[ ], if such an order exists. If such an order does not exist, the circuit clerk shall certify that fact to this court. The certified supplemental record or the circuit clerk's certification should be transmitted to this court at the earliest possible date and by no later than 14 days after the date of this order.”
The circuit clerk responded with a submission to the Court of Criminal Appeals consisting of only a copy of the July 25, 2007, administrative order at issue herein, together with an attached copy of the pertinent statute. The circuit clerk’s response did not provide any other facts regarding the assignment of Knight’s case to Judge Hobbs.
In its brief to the Court of Criminal Appeals, the State did not address the jurisdictional issue at all; it argued only that Knight was not a nonviolent offender and that Knight’s claim was without substantive merit. In its brief to this Court, the State did not contend that Judge Hobbs held the seat occupied by Knight's sentencing judge.
Based on the foregoing particular facts, we treat as true for purposes of this appeal the unrefuted allegations by Knight regarding the jurisdictional deficiency in the handling of his motion for sentence reconsideration. Cf. Chaverst v. State, 517 So.2d 643, 644 (Ala.Crim.App.1987) (addressing unrefuted allegations in a petition for writ of error coram nobis). Nothing herein would prevent proof of different facts in any subsequent proceeding.
We also note that the cases cited by the dissent do not pertain to subject-matter jurisdiction. As discussed in the text, this Court has held that a proper assignment to a particular judge is jurisdictional under § 13A-5-9.1. In cases where a court has only limited jurisdiction, we have held that jurisdiction must affirmatively appear on the record. See Vaughan v. Vaughan, 267 Ala. 117, 122, 100 So.2d 1, 4 (1957) (“The jurisdiction of divorces is vested in courts of equity by statute, and as to that subject they are courts of special and limited jurisdiction. The existence of jurisdictional facts is not inferred from the mere exercise of jurisdiction, but must affirmatively appear from the record.”); Prestwood v. Prestwood, 395 So.2d 8, 10 (Ala.1981) (a probate court hearing an incompetency petition is a court of statutory and limited jurisdiction; " ‘it must affirmatively appear on the face of the record that all of the neces *722 sary jurisdictional steps were taken to complete the court's jurisdiction’").