SHAW, Justice
(dissenting).
I respectfully dissent.
This is James Sheridan Knight’s third motion filed under Ala.Code 1975, § 13A-5-9.1, seeking a reconsideration of his sentence. The July 25, 2007, administrative order of the presiding judge of the Montgomery Circuit Court directs the assignment of such motions to the sentencing judge or, if the sentencing judge is no longer on the bench, to either (1) the judge now occupying the seat of the sentencing judge or (2) “a Circuit Judge.”
It seems without challenge that an appointment under option (1) would be appropriate in this case. See Owens v. State, 39 So.3d 1183 (Ala.Crim.App.2009) (approving an appointment procedure in which motions to reconsider a sentence would be assigned to the docket of the sentencing judge or, if the sentencing judge was no longer in office, to the judge hearing the cases of the sentencing judge). The record is silent as to whether Knight’s motion was assigned to the docket of Judge Hobbs pursuant to option (1).
The issue presented by Knight, and the issue addressed by the majority, is whether option (2) is defective because it “leaves to the circuit clerk the task of selecting a circuit judge to hear a motion for sentence reconsideration,” 92 So.3d at 721, whereas “the order in Owens [v. State, 39 So.3d 1183 (Ala.Crim.App.2009),] selected the specific judge to whom any given motion for sentence reconsideration would be assigned, rather than leaving that selection to the circuit clerk.” 92 So.3d at 720-21. As the majority notes, Knight asserts that the administrative order in the instant case “allows the circuit clerk to exercise discretion in assigning motions for sentence reconsideration to various judges.” 92 So.3d at 720. However, nothing in the record indicates that the circuit clerk makes selections in such a manner and nothing indicates that Knight’s motion was assigned to Judge Hobbs’s docket pursuant to option (2).[4]
The majority, in reversing the judgment of the Court of Criminal Appeals, has made two factual assumptions in favor of Knight, neither of which is supported by the record or asserted by Knight: that Judge Hobbs does not occupy the seat of the judge who sentenced Knight and that the circuit clerk exercised discretion in selecting Judge Hobbs to hear Knight’s *723 motion.[5] Doing so runs afoul of the well settled principle of appellate review that this Court will not presume error from a silent record: “ ‘ “Where the record is silent on appeal, it will be presumed that what ought to have been done was not only-done, but rightly done.” ’ ” Williams v. State, 55 So.3d 366, 370 (Ala.Crim.App.2010) (quoting Owens v. State, 597 So.2d 734, 736 (Ala.Crim.App.1992), quoting in turn Jolly v. State, 405 So.2d 76, 77 (Ala.Crim.App.1981)). See also Wal-Mart Stores, Inc. v. Goodman, 789 So.2d 166, 176 (Ala.2000) (“[W]e cannot assume error or presume the existence of facts as to which the record is silent.”).
The majority can only point to coneluso-ry legal arguments by Knight, but to no facts in the record establishing, that the trial judge lacked authority in this case. When the record is silent, “ ‘[a] reviewing court cannot predicate error on matters not shown by the record.... Indeed, a silent record supports a judgment.’” Robitaille v. State, 971 So.2d 43, 53 (Ala.Crim.App.2005) (emphasis added) (quoting Robinson v. State, 444 So.2d 884, 885 (Ala.1983)). We “may not presume any facts not shown by that record and make them a ground for reversal.” Carden v. State, 621 So.2d 342, 346-47 (Ala.Crim.App.1992). Because the record does not present any facts indicating that the purported defect in the July 25, 2007, administrative order is material in this case, I respectfully dissent.
Knight does not claim that he has been denied the ability to develop the record to demonstrate that his motion was improperly assigned to Judge Hobbs. He does not request to have the record supplemented or claim that due process requires that he have the ability to seek more information regarding Judge Hobbs’s appointment. Further, he does not seek a remand for more discovery on this issue. Instead, he simply argues that the July 25, 2007, administrative order is improper. With no argument by Knight that he did not have the ability to present this Court with a complete record, I cannot assume that he was denied that ability.
BOLIN., J., concurs.

. The State, on the other hand, asserts that it is proper for circuit judges to be randomly assigned motions for sentence reconsideration. The record is silent as to whether such a method was used in this case.

. Knight makes the argument that the trial judge lacked jurisdiction/authority to resen-tence him, but, in doing so, he does not make the factual assumptions the majority makes, as it must in order to secure a reversal of the judgment of the Court of Criminal Appeals. Here, the majority has made the factual assumptions that are necessary to call into question the trial judge's authority and then deems those assumptions "unrefuted."