After Remand from The Alabama Supreme Court.

BURKE, Judge.[1]
In Ex parte Knight, 92 So.3d 717 (Ala.2011), the Alabama Supreme Court re *724 versed this Court’s judgment affirming the circuit court’s summary denial of James Sheridan Knight’s motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala.Code 1975.[2] The Supreme Court determined that a July 25, 2007, administrative order of the Montgomery Circuit Court did not constitute a valid judicial appointment under § 13A-5-9.1 because the order allowed the circuit clerk to exercise discretion in assigning motions for sentence reconsideration to various judges. Specifically, the Alabama Supreme Court concluded that the selection of-the circuit judge to hear Knight’s motion was not the act of the presiding judge as required by the statute and, consequently, that circuit judge did not have authority to decide Knight’s motion. Therefore, the Supreme Court reversed our judgment and remanded the case to this Court.
In accordance with the Alabama Supreme Court’s decision, we reverse the summary denial of Knight’s motion for reconsideration of his sentence and remand the case to the circuit court for further proceedings consistent with the opinion of the Supreme Court.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. This case was originally assigned to another member of this Court; it was reassigned to Judge Burke on February 19, 2011.

. Section 13A-5-9.1, Ala.Code 1975, provides: "The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or, if the sentencing judge is no longer in office, by any circuit judge appointed by the presiding judge, for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."