On Application for Rehearing

PARKER, Justice.
Rule 40(b), Ala. R.App. P., provides: “The application for rehearing must state with particularity the points of law or the facts the applicant believes the court overlooked or misapprehended. The brief in support of the application must contain any arguments in support of the application the petitioner desires to present.”
In her application for rehearing, K.G.S. does not argue that this Court overlooked or misapprehended any point of law or fact in holding that J. Michael Druhan, a Mobile attorney, had been improperly appointed to hear the case after the recusal of Judge Don Davis. Instead, K.G.S. “moves this Honorable Court to consider the Affidavit of Probate Judge Don Davis and its attached Order of the Presiding Judge of the Circuit Court of Mobile County, Alabama date April 28, 2010.” K.G.S. attaches an order entered by the presiding judge of the Mobile Circuit Court on April 28, 2010. The order pertained to “Case Number 64,606 N.S.”; K.G.S.’s adoption petition was assigned case no. 2014-2396. The order states, in pertinent part:
“Don Davis, Judge of Probate of Mobile County, Alabama, having heretofore certified that he is unable to serve as Judge of Probate in those certain cases heretofore noted, as attached to the Court’s prior order dated June 7, 2001, as amended on July 12, 2001; and
“Further, should Don Davis, Judge of Probate of Mobile County, Alabama, become incompetent from any cause, incapacitated, absent, or will be absent from sickness, or otherwise disqualified from acting as judge in any of the cases heretofore noted or in any case hereafter.
“It is ORDERED AS FOLLOWS:
“1. Pursuant to Ala. Act 333, 1965 Reg. Session, § 1, as last amended by Ala. Act 2007-454, DOUGLAS L. ANDERSON, C. MARK ERWIN, JEROME C. CARTER, J. RANDALL CRANE, J. MICHAEL DRUHAN, J. MARSHALL GARDNER, DUANE A. GRAHAM, DENISE LITTLETON, Y.D. LOTT, JR., BETH MARIETTA LYONS, JEAN POWERS and EDWARD B. McDERMOTT, disinterested persons, learned in the law and residing in Mobile County, are APPOINTED as Temporary Judges of Probate in the Probate Court of Mobile County to discharge the duties of the Judge of Probate, to render all orders and decrees and perform all duties required by law in the matters: (a) referenced in Schedules 1, 2 and 3 heretofore filed, as pertaining, and (b) that arise hereafter wherein Don Davis is unable to serve as referenced above.”
(Capitalization in original.) “Schedules 1, 2 and 3” referenced in the above order are not included in the attachments to KG.S.’s application for rehearing.
Judge Davis’s affidavit, which is also attached to HG.S.’s application for rehearing, offers the following explanation:
“3. Subsequent to [April 28, 2010], in cases in which I recused myself, it was standard practice for the Clerk of the Probate to select from those temporary judge[s] that had been appointed by Charles A. Graddick, Presiding Judge of *1115 the Circuit Court of Mobile County, and assign that case to the temporary judge. As the order states, said temporary judges were appointed by the Presiding Judge for cases that arose after the entry of the April 28, 2010 Order. The clerk did not appoint those persons to be temporary judges. These temporary judges were appointed by Order of Presiding Judge Graddick.
“4. As a part of my order recusing myself, I directed the Probate Court Clerk to assign this case to one of the pre-appointed temporary judges. This was in compliance with the order of the Presiding Judge of the Circuit Court of Mobile County, and in conformity with standard practice. The case was assigned to J. Michael Druhan, Temporary Judge of Probate.”
Initially, we note that KG.S. had an “obligation to attach to her petition ‘[c]op-ies of any order or opinion or parts of the record that would be essential to an understanding of the matter set forth in the petition.’ Rule 21(a)(1)(E), Ala. R.App. P.” Ex parte Trawick, 959 So.2d 51, 62-63 (Ala.2006). In Ex parte Trawick, an applicant for rehearing sought to attach to her application for rehearing a copy of a summary-judgment motion she had failed to attach to her petition for a writ of mandamus. On rehearing, the applicant sought to “ ‘supplement the record’ so as to supply a copy of the omitted summary-judgment motion.” 959 So.2d at 62. This Court refused the applicant’s request: “[W]e deny the motion to supplement the record to allow the belated submission of a part of the record available to [the applicant] on original submission, but which she chose to omit from the materials filed with her petition.” 959 So.2d at 63.
Like the appellant in Ex parte Trawick, KG.S. had available to her on original submission the circuit court’s April 28, 2010, order. For whatever reason, KG.S. chose to omit the circuit court’s order from the materials filed with her response to KR.’s petition. KG.S. may not now, for the first time in her application for rehearing, present additional documentation in support of her argument. For this reason alone we may deny KG.S.’s application for rehearing.
Regardless, even if we were to consider the new attachments filed by KG.S., KG.S. has not demonstrated that this Court overlooked or misapprehended any point of law or fact. Act No. 2007-454, Ala. Acts 2007, states, in pertinent part:
“Section 1. (a) If the regularly elected Judge of Probate of Mobile County is incompetent from any legal cause, inca- . pacitated, absent or will be absent from sickness, or otherwise disqualified from acting as Judge, the Judge of Probate or the Chief Clerk shall certify the fact of incompetency, incapacity, absence, sickness, or disqualification to the presiding Judge of the Circuit Court of the County and the presiding Judge of the Circuit Court shall, upon that certificate, appoint a person learned in the law, practicing and residing in the County, to act as temporary Judge of Probate....”
Section 1(a) of Act No. 2007-454 requires that, if the probate judge is disqualified from acting as a judge of the probate court, the judge, or the clerk of the probate court, must certify that fact to the presiding judge of the circuit court. Section 1(a) states that, “upon that certificate,” the presiding judge of the circuit court may then appoint a temporary probate judge to serve in the stead of the disqualified probate judge of Mobile County.
Before the presiding judge of the circuit court has the authority to appoint a temporary probate judge, the probate judge, or *1116 the clerk of the probate court, must certify the fact of the sitting probate judge’s inability to serve. In its April 28,2010, order, the circuit court stated: “Don Davis, Judge of Probate of Mobile County, Alabama, having heretofore certified that he is unable to serve as Judge of Probate in those certain cases heretofore noted, as attached to the Court’s prior order dated June 7, 2001, as amended on July 12, 2001.” Judge Davis had properly certified his inability to serve in the specific cases mentioned. At that point, § 1(a) of Act No. 2007-454 gave the presiding judge of the circuit court authority to appoint a temporary probate judge to serve in Judge Davis’s stead in the specific cases mentioned.
However, K.G.S. has not presented any evidence indicating that Judge Davis ever certified to the presiding judge of the circuit court his inability to serve in the present case. Obviously, no language in the circuit court’s April 28, 2010, order indicates that Judge Davis certified that he was disqualified from serving in KG.S.’s subsequently filed case. Instead, the April 28, 2010, order simply states: “should Don Davis, Judge of Probate of Mobile County, Alabama, become incompetent from any cause, incapacitated, absent, or will be absent from sickness, or otherwise disqualified from acting as judge in any of the cases heretofore noted or in any case hereafter.” This language cannot abdicate the requirement in § 1(a) of Act No. 2007-454 that, before the presiding judge of the circuit court obtains the authority to appoint a temporary probate judge to serve in place of the disqualified probate judge, the probate judge or the clerk of the probate court must certify the fact of the probate judge’s inability to serve to the presiding judge of the circuit court. No such certification occurred in this case. Therefore, even if we were to consider the new documents presented by K.G.S., she has not demonstrated that this Court overlooked or misapprehended any point of law or fact.
Moreover, even if we were to conclude that the April 28, 2010, order gave the clerk of the probate court the authority to assign this case to any one of the 12 “pre-appointed temporary judges,” our caselaw indicates that such practice is not approved. We considered an analogous situation in Ex parte Knight, 92 So.3d 717 (Ala.2011). In Ex parte Knight, a petitioner, Knight, filed a motion for sentence reconsideration under Ala.Code 1975, § 13A-5-9.1, and Kirby v. State, 899 So.2d 968 (Ala.2004). Section 13A-5-9.1, Ala. Code 1975, provided:[1]
“The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or, if the sentencing judge is no longer in office, by any circuit judge appointed by the presiding judge, for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the Court.”
(Emphasis added.) At the time Knight filed his motion for sentence reconsideration, the judge who sentenced Knight was no longer on the bench. As a result, Knight’s motion was assigned by the clerk of the Montgomery Circuit Court to Judge Truman M. Hobbs, Jr.,
“pursuant to a standing administrative order entered on July 25, 2007, by the *1117 presiding judge of the Montgomery Circuit Court. This order provided:
“ ‘Effective immediately, it is hereby ORDERED that all motions filed pursuant to Code of Alabama, § 13A-5-9.1, and Kirby v. State, 899 So.2d 968 (Ala.2004), shall be assigned to the sentencing judge. If the sentencing judge is no longer in office, said motions shall be assigned to the Circuit Judge holding the sentencing judge’s seat or to a Circuit Judge. This Order is issued pursuant to the recent amendment [to the] Code of Alabama § 13A-5-9.1.... ’
“(Emphasis added.) The record does not reveal whether Judge Hobbs holds the same seat as the seat previously held by [the petitioner’s] sentencing judge.”
Ex parte Knight, 92 So.3d at 718. Judge Hobbs subsequently denied Knight’s motion, and Knight appealed to the Court of Criminal Appeals. Among other things, Knight argued:
“(1) that Judge Hobbs was not the ‘sentencing judge,’ and (2) that the administrative order of July 25, 2007, did not appoint Judge Hobbs to decide his motion, as would be required by § 13A-5-9.1. Specifically, Knight contends that the statute requires that the appointment be made by the presiding judge, but that the order allows the circuit clerk to exercise discretion in assigning motions for sentence reconsideration to any circuit judge.”
92 So.3d at 718. The Court of Criminal Appeals affirmed, by unpublished memorandum, the order denying Knight’s motion for sentence reconsideration. “This Court granted certiorari review to consider the validity of an administrative order of the Montgomery Circuit Court pursuant to which a circuit judge was appointed to decide James Sheridan Knight’s motion for sentence reconsideration filed under Ala. Code 1975, § 13A-5-9.1, and Kirby v. State, 899 So.2d 968 (Ala.2004).” 92 So.3d at 717.
This Court reversed the Court of Criminal Appeals’ decision affirming the Montgomery Circuit Court’s order denying Knight’s motion for sentence reconsideration on the basis that Judge Hobbs had not been properly appointed to decide the case. This Court stated:
“Knight contends that the July 25, 2007, administrative order of the Montgomery Circuit Court does not constitute a valid judicial appointment under § 13A-5-9.1 because the inclusion of the phrase ‘or to a Circuit Judge’ in the order allows the circuit clerk to exercise discretion in assigning motions for sentence reconsideration to various judges. That is, Knight contends that the selection of Judge Hobbs as the circuit judge to hear his motion was not the act of the presiding judge as required by the statute and, consequently, that Judge Hobbs did not have authority to decide Knight’s motion. We agree.
“In Owens v. State, 39 So.3d 1183 (Ala.Crim.App.2009), the Court of Criminal Appeals held that a standing order by the presiding circuit judge was sufficient to constitute a valid appointment of a circuit judge under § 13A-5-9.1 to hear a motion for sentence reconsideration. The order at issue in Owens provided:
“ ‘ “By the authority vested in me as Presiding Circuit Judge under the provisions of Rule 13 of the Alabama Rules of Judicial Administration and pursuant to Section 13A-5-9.1, Code of Alabama 1975, as amended, ... I hereby order that the Circuit Clerk shall assign all motions for post judgment relief pursuant to Rule 32, [Ala.] R.Crim. P., or pursuant to Section *1118 13A-5-9.1, Code of Alabama, to the docket of the sentencing Judge or, if the sentencing Judge is no longer serving, to the docket of the Judge presiding over the cases of such Judge who is no longer serving. These Circuit Judges are hereby appointed to hear said motions for consideration of resentencing pursuant to Section 13A-5-9 and -9.1 of the Code of Alabama 1975 as amended. A copy of this Order shall be placed in the court file of all cases so affected by this Order.” ’
“Owens, 39 So.3d at 1184-85 (emphasis added). The court in Owens concluded, without much analysis, that ‘the circuit judge [designated by the administrative order] had the authority to rule on the motion even though he was not the sentencing judge or the presiding judge.’ 39 So.3d at 1185.
“The standing order in Owens differs from the administrative order in the present case because, by reference to the seat of the no longer serving judge, the order in Owens selected the specific judge to whom any given motion for sentence reconsideration would be assigned, rather than leaving that selection to the circuit clerk. The appointment of a judge under the standing order at issue in Owens could fairly be said to be the act of the presiding judge, and not the act of the circuit clerk.
“In contrast, the administrative order in the present case does not select the judge for any given case. The order in the present case provides that motions for sentence reconsideration ‘shall be assigned to the Circuit Judge holding the sentencing judge’s seat or to a Circuit Judge.’ The inclusion of the phrase ‘or to a Circuit Judge’ leaves to the circuit clerk the task of selecting a circuit judge to hear a motion for sentence reconsideration.”
92 So.3d at 720-21 (footnote omitted).
In the present case, assuming that the April 28, 2010, order gave the clerk of the probate court the authority to assign the present case to any 1 of the 12 “pre-appointed temporary judges,” Ex parte Knight indicates that such a practice is improper when the authorizing statute gives the power to appoint solely to the presiding judge of a circuit court. Section 13A-5-9.1 and § 1(a) of Act No. 2007-454 similarly require that the presiding judge of the circuit court appoint a judge when necessary. Assuming in the present case that the presiding judge of the circuit court “pre-appointed” 12 temporary probate judges to serve in the event Judge Davis was disqualified, K.G.S. argues that the clerk of the probate court was then to assign the case to 1 of those 12 “pre-appointed” temporary probate judges. However, this leaves to the clerk of the probate court the task of selecting a temporary probate judge to hear the case from which Judge Davis has recused himself. This is in contradiction to the principles set forth in Ex parte Knight. Therefore, K.G.S. has not demonstrated that this Court overlooked any point of law or fact in making its decision, and her application for rehearing is overruled.
APPLICATION OVERRULED.
STUART, MAIN, WISE, and BRYAN, JJ., concur.
MURDOCK and SHAW, JJ., concur in the result.
BOLIN, J., recuses himself.

. Section 13A-5-9.1, Ala.Code 1975, was repealed by Act No. 2014-165, Ala. Acts 2014, effective March 13, 2014.